**UNITED STATES of America ex rel. William LAWRENCE, Plaintiff-Appellant,**

v.

**Joseph E. RAGEN, Director of Department of Public Safety et al., Defendants-Appellees.**

**No. 14160.**

United States Court of Appeals Seventh Circuit.

Oct. 9, 1963.

William Lawrence, in pro. per.

William G. Clark, Atty. Gen. of Ill., Chicago, Ill., William C. Wines, Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff William Lawrence brought this civil action in the federal district court. He named as defendants, Joseph E. Ragen, Director of Department of Public Safety, Frank J. Pate, Warden of the Illinois State Penitentiary, Statesville Branch, Dr. Michael McSweeney and Dr. Julius Vincus.

Plaintiff is incarcerated in an Illinois state prison pursuant to a judgment of an Illinois state court. The defendants are all prison officials or prison doctors employed by the State of Illinois.

In substance, plaintiff alleged that defendants deliberately and maliciously deprived him of adequate, proper and effective medical treatment. He sought an "emergency writ," injunctive relief and civil damages against defendants totaling one million dollars.

The district court granted defendants' motion to dismiss plaintiff's complaint. Plaintiff appealed.

Plaintiff has proceeded in the district court and in this court *pro se, in forma pauperis.* He is a prolific writer. Obviously, he is not well grounded in law. We have read with care the numerous documents filed by him as shown in the record.

Plaintiff was not personally present in our court for oral argument and was not represented by counsel. We took the case on the briefs and record, without hearing oral argument from either party.

Taking the material allegations of plaintiff's complaint as true, the following facts are disclosed by the record.

In September, 1962, plaintiff began to suffer from a burning and aching in the urinary tract. He made numerous trips to the prison hospital. Dr. Vincus gave him balm and liniment to rub on the affected area, pills and recommended sitz baths. Dr. Vincus took several urine tests and on at least two occasions sounded plaintiff to determine whether a stricture was present. Dr. McSweeney gave him a prostate examination and recommended sitz baths. Both doctors told plaintiff repeatedly that they could find nothing wrong with him.

On November 9, 1962, plaintiff wrote a letter to the prison warden, Pate, informing him of alleged inadequate treatment and requesting proper medical treatment. Pate interviewed him on November 24, 1962. He told him to continue his trips to the hospital.

On January 14, 1963, plaintiff addressed a petition to the Director of the Department of Public Safety, in care of Ragen, seeking proper and effective medical treatment as provided for by Illinois law.[1]

On or about February 2, 1963, plaintiff contacted Clarold L. Britton, an attorney who had represented him at his postconviction hearing. Britton wrote Pate on March 4, 1963, requesting that Pate have a specialist in urology examine plaintiff. On March 14, 1963, Pate obtained such a specialist who examined plaintiff. The specialist prescribed medicine and recommended sitz baths.

On March 5, 1963, plaintiff filed his complaint in the district court. He alleged that defendant doctors subjected him to much harassment each time he came to the hospital and that he received treatment only after continued efforts on his part. He asserted that defendants intentionally and maliciously refused to determine what his ailment was and that his condition might develop into a malignancy which could prove fatal.

Plaintiff alleged that the district court had jurisdiction under 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343.

Two issues are presented to us on appeal. First, whether the district court's order of dismissal is a final order and thus appealable. Second, whether the complaint states a cause of action and should not have been dismissed by the district court.

Defendant Ragen moved to dismiss plaintiff's complaint on the ground that it "fails to state a cause of action upon which relief can be granted." The district court granted the motion and dismissed the complaint without stating its reasons for so doing.

Thereafter, the district court granted leave to plaintiff to proceed *in forma pauperis* and to file notice of appeal *in forma pauperis* and ordered the clerk to prepare and transmit the record on appeal to this court without payment of costs.

---

1. Ill.Ann.Stat. ch. 108, § 16 states: " * * * The Department [of Public Safety] shall examine daily into the health, condition and safekeeping of the convicts, and into the justice of any complaints made by any of the convicts relative to their provision, clothing or treatment. * * *"

412

Here we find that plaintiff elected to stand on his complaint and appeal. The district court did not act *sua sponte*, but only after a written motion to dismiss was filed. The district court entered all orders necessary to permit this appeal and plaintiff has voluntarily submitted to the jurisdiction of this court.

For the purposes of this case only, we shall assume, without deciding, that the order of dismissal is a final appealable order and determine the appeal on its merits. Cf. People of the United States ex rel. Kelly v. Bibb, 7 Cir., 255 F.2d 772 (1958), and Asher v. Ruppa, 7 Cir., 173 F.2d 10 (1949).

The "emergency writ" sought by plaintiff was that the court "order the release of the Plaintiff from confinement in the Illinois State Penitentiary; and will order that he Plaintiff be allowed to seek and obtain hospitalization in an outside hospital to be treated for the illness complained of and for whatever other illness that may have developed as a result of being deprived of adequate, proper, and effective medical treatment while a helpless prisoner in said penitentiary."

 State prison officials must of necessity be vested with a wide degree of discretion in determining the nature and character of medical treatment to be afforded state prisoners. It is not the function of federal courts to interfere with the conduct of state officials in carrying out such duties under state law. We find no showing here of inadequate medical care and treatment that would justify federal intervention. United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, 107 (1953); Siegel v. Ragen, 7 Cir., 180 F.2d 785, 788 (1950), cert. denied, 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391; Kelly v. Dowd, 7 Cir., 140 F.2d 81, 82–83 (1944), cert. denied, 321 U.S. 783, 64 S.Ct. 639, 88 L.Ed. 1075.

The same rule is applicable to plaintiff's vague conclusionary prayer for an injunction against the prison officials.

Plaintiff seeks recovery of damages in the sum of $350,000 from Dr. Vincus; $175,000 from Dr. McSweeney; $175,000 from Warden Pate; $300,000 from Director Ragen; all for a total of $1,000,000. He bases his claims for damages on alleged violations of his federal constitutional rights under the Federal Civil Rights Act.

Under the allegations of plaintiff's complaint he was afforded medical treatment and care for his alleged ailments. His plea for examination by a specialist in the field of urology was granted. His complaint for damages is grounded on the charge of inadequacy.

We know of no authority standing for the proposition that such a claim as plaintiff attempts to assert here is cognizable under the Federal Civil Rights Act. We hold that the district court did not err in dismissing plaintiff's complaint and, in effect, his cause of action.

The judgment appealed from is affirmed.

Affirmed.