James F. ARMSTRONG, Appellant,

v.

Dewie RUSHING, Appellee.

No. 20055.

United States Court of Appeals
Ninth Circuit.

Nov. 15, 1965.

James F. Armstrong, in pro. per.

Roy E. Wolfe, County Counsel, Madera County Govt. Center, Madera, Cal., for appellees.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

James F. Armstrong commenced this action against Dewie Rushing to recover damages under the Civil Rights Act, R.S. § 1979 (1875), 42 U.S.C. § 1983 (1964). The district court, on its own motion, and before issuance or service of process upon defendant, dismissed the complaint without leave to amend. Armstrong then took this appeal.[1]

In his complaint Armstrong alleged as follows: he was arrested on a charge of assault with a deadly weapon. On January 29, 1953, while he was being arraigned on that charge, he was served with another complaint charging assault by means of force likely to produce great bodily injury. While he was being held on these charges, defendant Dewie Rushing, a police investigator of Madera County, made an illegal search of Armstrong's dwelling and an illegal seizure of plaintiff's personal property found therein.

According to the complaint, the illegality of this search and seizure arises from the fact that Rushing had no magistrate's warrant authorizing such a search and seizure, nor did he have the consent or permission of Armstrong.[2] As alleged

1. While the court did not expressly act upon the application to proceed in forma pauperis, by implication it granted the same, for the court dismissed the action on the merits.

2. While Armstrong did not expressly allege that the search and seizure were not pursuant to a lawful arrest, such an allegation is to be implied from his allegation that the search and seizure were made while he was in custody on previously filed charges.

in the complaint, the property seized by Rushing included a tool box, numerous tools used by plaintiff as a technician of internal combustion engines, a food mixer, radio, $975 in cash, notes, papers and contracts. Plaintiff further alleged that he had attempted to file state actions in regard to this property and money but a superior court judge had repeatedly refused to allow plaintiff access to the Superior Court of the State of California in and for the County of Madera.

On his appeal Armstrong presents several arguments, one being that the district court erred in dismissing the action on its own motion and without notice and hearing. Appellee makes no response to this argument.

The district court erred in the respect asserted. See Harmon v. Superior Court, 9 Cir., 307 F.2d 796. In that case, speaking through Judge Duniway, this court said:

"The claim may be, as appellees assert, entirely spurious. The complaint may well not state a claim upon which relief can be granted. It may be that appellant cannot amend to state such a claim. But those are not the questions before us. The court cannot know, without hearing the parties, whether it may be possible for appellant to state a claim entitling him to relief, however strongly it may incline to the belief that he cannot. * * * The right to a hearing on the merits of a claim over which the court has jurisdiction is of the essence of our judicial system, and the judge's feeling that the case is probably frivolous does not justify by-passing that right. Appellant is entitled to have process issued and served, and to be heard."

 If plaintiff is presently incarcerated in a state prison he is not entitled, as a matter of right, to appear personally at a hearing in this Civil Rights action. He is, however, entitled to have: (1) process issued and served, (2) notice of any motion thereafter made by defendant or the court to dismiss the complaint and the grounds therefor, (3) an opportunity to at least submit a written memorandum in opposition to such motion, (4) in the event of dismissal, a statement of the grounds therefor,[3] and (5) an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment.

Reversed and remanded.

---

3. A statement of grounds was set out in the district court order under review, but we express no view at this time as to the sufficiency of the grounds stated.