**Richard E. LOUX, Appellant,**

v.

**B. J. RHAY, Warden et al., Appellees.**

**No. 20603.**

United States Court of Appeals
Ninth Circuit.
March 6, 1967.

Hamley, Circuit Judge, dissented.

---

Richard E. Loux, in pro. per.

John J. O'Connell, Atty. Gen., Olympia, Wash., for appellees.

Before CHAMBERS and HAMLEY, Circuit Judges, and BYRNE, District Judge.

BYRNE, District Judge.

Appellant, an inmate of Washington State Penitentiary, filed an *in forma pauperis* complaint with the United States District Court for the Eastern District of Washington, seeking damages in the amount of $1,500,000.00 from the State of Washington and several individuals, including the Warden and the Doctor of the prison.

He cited 28 U.S.C. § 1343 as conferring jurisdiction in the District Court,

and alleged that he had "undergone cruel and unusual treatment" when the defendants, in violation of the Statutes of the State of Washington, placed him in a "strip cell" without a bed or covering of blankets or garments of any kind. He also alleged he was denied a complete medical examination when requested, and was refused medication for an active "duodenal ulcer".

The District Court dismissed the complaint for failure to state a claim upon which relief may be granted. The appellant then filed an amended complaint and documents denominated as follows: (1) Petition for a change of Venue; (2) Demand for change of place of trial; (3) Notice of motion for change of Venue; (4) Motions for a Writ of Habeas Corpus Ad Testificandum; (5) Motion for subpoenas in Forma pauperis; (6) Motion for a New trial; (7) Demand for jury trial.

In the amended complaint the appellant dropped the individuals and named only the State of Washington as a defendant. He also limited the allegations of mistreatment to an averment that he was deprived of the protection of the statutes of the State of Washington relating to the bed, blankets and clothing to be furnished each convict, and reduced his prayer for damages to $25,000.00.

■ The District Court considered the "Motion for a New trial" as a motion for reconsideration, and denied it. The court also denied the other motions and "demands", and dismissed the action. The trial judge thought the appellant was seeking a reconsideration of his ruling on the original complaint, but he misconceived the purpose of the document denominated "Motion for a New trial", in which appellant alleged, "The Court

was justified in dismissing the original complaint. However, the attached amended complaint clearly states a cause of action under said Civil Rights Act. The defendant, by and through the means expressed in the amended complaint, did in fact and in law deprived (sic) affiant of the equal protection of the law". It is clear that appellant was not seeking reconsideration of the ruling on the original complaint but was asking for a trial on the amended complaint.[1]

■ When the trial court dismissed the original complaint, it did not dismiss *the action*. The plaintiff could file an amended complaint *as a matter of right* under Rule 15(a) F.R.Civ.P. This he did. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. Bullen v. De Bretteville, 239 F.2d 824, 833 (CA 9); Nisbet v. Van Tuyl, 224 F.2d 66 (CA 7); Ericson v. Slomer, 94 F.2d 437 (7 Cir.); Meyer v. State Board of Equalization, 42 Cal.2d 376, 267 P.2d 257; 71 C.J.S. Pleading § 321. By filing an amended complaint, plaintiff waives any error in the ruling to the original complaint. Grubbs v. Smith, 86 F.2d 275 (6 Cir.) cert. den. 300 U.S. 658, 57 S.Ct. 437, 81 L.Ed. 867; Aetna Life Ins. Co. v. Phillips, 69 F.2d 901 (CA 10).

■ The appeal is from the judgment dismissing the action. The dismissal was for failure to state a claim upon which relief may be granted, It is well settled that failure to state a claim calls for a judgment on the merits (Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939) but here the plaintiff should not be deprived of the opportunity to seek relief in the state courts as the dismissal should be for lack of jurisdiction. In the words of Mr.

1. In the "Petition for a Change of Venue" filed with the amended complaint, the appellant alleged, * * * "the complaint has been amended, sufficiently to state a cause of action under the Federal Civil Rights Act, and in view of the fact that the amended complaint deals only with the defendant depriving plaintiff of the protection of RCW 72.08.100, Subsection one; and all complaints with respect to affiant not receiving proper medical attention has been withdrawn. Whereas, with the amended complaint as it stands now, affiant does not ask the court to consider any of his objections to punishment for infraction of prison rules because there is no such objections."

Justice Holmes,[2] "Jurisdiction is authority to decide the case either way." Here the District Court was without power to ultimately decide whether plaintiff's claim against the State of Washington was good or bad.

 Congress has not authorized actions against a state under the Civil Rights Act (Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492; Williford v. People of California, 352 F.2d 474 (CA 9); Charlton v. City of Hialeah, 4 Cir., 188 F.2d 421), and the Supreme Court has admonished federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined". Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248. Unlike *Williford,* supra, in the instant case the State is the sole defendant and the district court did not have the power to decide the plaintiff's claim, or any part of it. Charlton v. City of Hialeah, supra, 188 F.2d at page 423. Under the circumstances, the district court was not required to issue summons or follow the other procedural steps set forth in Armstrong v. Rushing, 352 F.2d 836 (CA 9). Indeed, it was not within the scope of the Court's authority to do more than note its lack of jurisdiction to proceed further with the case.

 If the appellant is entitled to any relief against the State of Washington, it can be obtained only in the courts of that State.

The judgment is modified so that the dismissal shall not operate as an adjudication on the merits. As so modified, it is affirmed.

HAMLEY, Circuit Judge (dissenting).

In my opinion, the majority opinion does not make a correct disposition of this appeal. Since the appeal deals with reoccurring procedural problems involving pro se complaints under the Civil Rights Act, I believe a rather comprehensive statement of my views is called for.

Richard E. Loux, proceeding pro se and in forma pauperis, filed his original complaint on May 20, 1965. He named, as defendants, the State of Washington and five officials of the Washington State Penitentiary.

Since the district court dismissed this complaint on the ground that it did not state a claim upon which relief could be granted, a complete statement of the factual allegations is necessary. Loux has been a prisoner in Washington State Penitentiary since late 1961 or early 1962, following his conviction for the crime of attempted car theft, and his subsequent conviction for escape from the King County jail while awaiting transfer to the penitentiary.

He was sentenced to a maximum term of five years imprisonment for attempted car theft, and a maximum term of ten years for escape, the two sentences to run concurrently. The Washington State Board of Prison Terms and Parole thereafter fixed a minimum sentence of one year on the attempted car theft conviction, but provided that the sentence for escape would be consecutive thereto. At the time this civil complaint was filed Loux had completed his minimum term for attempted car theft and was then serving his minimum term for escape. The complaint does not indicate what minimum term was fixed by the Board for this latter conviction.

Concerning the claim based upon the refusal to provide necessary medical care, Loux alleged that defendants had refused to give him a complete medical examination when requested, and refused him medication for an active duodenal ulcer from which he had suffered for two years. Loux alleged that in the early part of 1963 he was given an X-ray to determine the seriousness of this ulcer. The X-ray disclosed that the ulcer was active and serious. Loux further alleged that since that X-ray, he has had pains in his stomach at all times, and has at least fifty times requested another X-ray and a complete medical examination.

2. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716.

However, Loux further alleged, he has been ignored and refused by the hospital, for which defendant Carroll Heffron, a medical doctor employed at the hospital, is mainly responsible.

Concerning the claim based upon cruel and inhuman treatment, Loux alleged that on three different occasions he was placed in an isolation, or "strip" cell. The first occasion was for five days in September, 1962, the second for four days in December, 1964, and the third for seven days in February, 1965. This cell, Loux alleged, is approximately six feet by eight feet, and is completely bare except for a small six-inch drain in one corner, intended for use as a toilet. The cell, according to the complaint, has no water, light or heat, the temperature always being below 60 degrees. At no time while in this cell, Loux alleged, was he supplied with clothes, blankets, mattress or any covering whatever, and was left completely naked. No washing facilities or toilet paper were supplied. Because of the unsanitary conditions, he alleged, the cell reeked with a foul odor at all times.

On the day this complaint was filed the district court properly entered an order granting plaintiff leave to proceed in forma pauperis. On the same day, however, without affording the clerk an opportunity to issue a summons and deliver it to the marshal for service (see Rule 4[a], Federal Rules of Civil Procedure), and without notice or hearing of any kind, the district court entered another order dismissing the complaint for failure to state a claim upon which relief could be granted. In so proceeding the district court, in my opinion, committed three procedural errors: [1] (1) acted upon the complaint without permitting issuance and service of process; (2) acted upon the complaint without notice to the plaintiff; and (3) acted upon the complaint without first affording the plaintiff an opportunity to at least submit a written memorandum in opposition to the proposal to dismiss the complaint. These requirements are explicitly set forth in

Armstrong v. Rushing, 9 Cir., 352 F.2d 836, 837.

While this dissent is intended to deal primarily with procedural problems, it is my opinion that, insofar as the personal defendants are concerned, the complaint did state claims upon which relief could be granted, and it should not have been dismissed for that reason.

In ruling that the allegations concerning refusal to render necessary medical care did not state a claim under the Civil Rights Act, the district court relied upon United States ex rel. Lawrence v. Ragen, 7 Cir., 323 F.2d 410; and Threatt v. State of North Carolina, W.D.N.C., 221 F.Supp. 858. The complaint in the *Lawrence* case affirmatively alleged, at great length, the very extensive and thorough medical care the plaintiff received. The reviewing court was therefore able to say that, according to the complaint itself, plaintiff was afforded medical treatment and care for his alleged ailments, including examination by a specialist.

In view of this, the action of the district court in dismissing the complaint in *Lawrence* was affirmed, the court stating that it found no showing of inadequate medical care and treatment that would justify federal intervention. The *Loux* complaint contains no such showing, the substance of the allegations being that since a 1963 X-ray disclosed an active and serious duodenal ulcer, no medical care has been provided although Loux has continued to suffer and has made many requests for medical care.

In the *Threatt* case, which I think was wrongly decided, there were allegations indicating that while the prisoner had not received all of the medical attention he wanted, he had been in the prison hospital at least twice, in a sanitarium once, and that he had been given milk and medication.

In my opinion, the correct rule to be applied was recently stated in Edwards v. Duncan, 4 Cir., 355 F.2d 993, 994, where the court, in reversing an order

dismissing a complaint which alleged deprivation of needed medical care, said:

"The hands-off doctrine operates reasonably to the extent that it prevents judicial review of deprivations which are necessary or reasonable concomitants of imprisonment.[5] Deprivations of reasonable medical care and of reasonable access to the courts are not among such concomitants, however. Prisoners are entitled to medical care [6] and to access to the courts.[7] Where there is no provision for administrative review of claims of unreasonable deprivations of such rights, those claims are certainly justiciable.[8] Where there is no administrative provision for an impartial resolution of factual issues underlying such claims, there is no alternative to judicial inquiry, even though many, or even most of such claims may be asserted irresponsibly." (Footnotes omitted.)

See, also, Coleman v. Johnston, 7 Cir., 247 F.2d 273, where the court reversed an order dismissing a Civil Rights Act complaint in which it was alleged that defendant prison officials failed to procure urgently needed medical attention which resulted in the loss of plaintiff's leg.

In ruling that the allegations concerning operation of the strip cell did not state a claim under the Civil Rights Act, the district court held that this is a matter of prison discipline. While the matter of state prison discipline is not ordinarily subject to examination in federal courts, the rule is otherwise if the treatment of a prisoner amounts to cruel and unusual punishment within the meaning of the Eighth Amendment, made applicable to the states under the Fourteenth Amendment. The authorities are collected in Jordan v. Fitzharris, N.D.Cal., 257 F.Supp. 674, 679, decided on September 6, 1966. In that Civil Rights Act suit, the plaintiff, proceeding pro se, made allegations in his complaint concerning the operation of a strip cell at a California penal institution which are very similar to the allegations made by Loux. The district court permitted

process to issue, granted leave to proceed in forma pauperis, appointed counsel to represent the plaintiff, conducted an evidentiary hearing at the institution, and granted injunctive relief.

It is to be remembered that we are not now dealing with the question of whether Loux will ultimately be entitled to any relief. His factual allegations may be completely unsupportable. But the question here is whether the complaint states a claim. The facts set forth in the complaint must therefore be assumed to be true. Williford v. People of State of California, 9 Cir., 352 F.2d 474, 475–476. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80. This rule is applicable in actions brought under the Civil Rights Act. York v. Story, 9 Cir., 324 F.2d 450. Needless to say, the fact that, in his original complaint, Loux sought damages in the absurd amount of $250,000 from each of the defendants, has nothing to do with the sufficiency of the complaint to state a claim.

I now return to the procedural aspects of this case. Notwithstanding the fact that, in my opinion, the district court erred in dismissing the original complaint because of failure to follow the procedures outlined in Armstrong v. Rushing, this is not ground for reversal. As indicated in the majority opinion, Loux acquiesced in such dismissal by filing an amended complaint.

In his amended complaint, Loux dropped all of the personal defendants, retaining as defendant only the State of Washington. He also dropped the claim based upon the refusal to provide necessary medical care. As indicated in the majority opinion, he also limited the allegation of mistreatment in the strip cell to an averment that he was not provided with a bed, blankets and clothes. But instead of presenting this latter claim as one involving cruel and unusual punishment under the Eighth Amendment,

he cast it as a deprivation of equal protection of the laws under the Fourteenth Amendment. In so doing, Loux referred to R.C.W. 72.08.100, which prescribes general rules for the treatment of prisoners of the State of Washington. This state statute requires that a bed, blankets and garments be supplied all prisoners. Loux also added allegations to the effect that, in his case, the strip cell was not used to enforce prison discipline or to prevent plaintiff from harming others. He also reduced his prayer for damages to $25,000.

Again, the district court did not permit issuance of process, nor give any notice that dismissal of the amended complaint was under consideration. Issuance of process is not ordinarily a requirement with regard to amended complaints, except as to added parties. But where process has not previously issued as to any defendant, I believe issuance of process of an amended complaint is required.

The majority states that issuance of process was not necessary with regard to the amended complaint because the district court has no jurisdiction to grant relief against a state in a Civil Rights Act suit. In my view, the inadequacy of the complaint with respect to the state's amenability to suit under the Civil Rights Act, is not one of jurisdiction, but of failure to state a claim upon which relief can be granted. See Williford v. People of State of California, 9 Cir., 352 F.2d 474, 476; Wallach v. City of Pagedale, 8 Cir., 359 F.2d 57, 59.

There is another reason, however, why the district court did not have jurisdiction as to the State of Washington. That state has not consented to be sued in federal district court by citizens of that state or any other state, and under the Eleventh Amendment is therefore immune from such suits. See Clark v. State of Washington, 9 Cir., 366 F.2d 678, 680.

But I do not believe that the determination of the district court, even if it turns out to be true, that it lacks jurisdiction to entertain a complaint, warrants disregard of the explicit requirements of Rule 4(a) of the Federal Rules of Civil Procedure, that "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal * * *."

In the federal courts compliance with Rule 4(a) is required in all civil actions. Jefferson v. Stockholders Pub. Co., 9 Cir., 194 F.2d 281, 282. In Bauers v. Heisel, 3 Cir., 361 F.2d 581, the district court ordered a civil rights suit by a state prisoner filed and at the same time, without permitting process to issue, dismissed it as " * * * lacking in merit and pertain[ing] to the matters over which the court has no jurisdiction." The court made this comment concerning this method of proceeding:

"We cannot condone the procedure followed by the district court; the requirements of Rule 4(a) are explicit. Had appellee not appeared and filed a brief here, appellant may have been foreclosed from obtaining review of the district court's determination. Compare Urbano v. Calissi, 353 F.2d 196 (C.A.3, 1965)." 361 F.2d at 584, note 3.

The undesirability, from the standpoint of proper judicial administration, of proceeding without issuance of process must be self-evident. In this case, no defendant has ever appeared in the district court or in this court. Insofar as the record indicates, all of the defendants are completely unaware of the pendency of this litigation. As a result this is, in essence, a non-adversary proceeding. While the jurisdictional defect I have referred to seems clear in this case, questions of jurisdiction are sometimes close. The district court and this court are entitled to an adversary presentation on all questions, including jurisdiction. This is what Rule 4(a) contemplates. See Sires v. Cole, 9 Cir., 320 F.2d 877, 879, note 2.

It is also apparent that in filing the amended complaint, Loux, who is proceeding without the assistance of counsel, must have thought that the order dismissing the original complaint amounted to a holding that the State of

Washington is a proper party defendants in a civil rights action, but not the personal defendants. This seems to be the only reasonable explanation why Loux dropped the personal defendants in his amended complaint. As indicated above, just the opposite is true—the personal defendants are proper party defendants and the state is not.

Under all of the circumstances of this case, and particularly in view of the failure to issue process, I believe that the proper disposition of this appeal would be to follow the procedure substantially as specified in Urbano v. Calissi, 3 Cir., 353 F.2d 196. In that case, as here, the district court dismissed a Civil Rights Act suit without issuance of process. In view of this fact the court of appeals viewed the case as non-adversary, vacated the order dismissing the action, and remanded the proceeding " * * * so that the case may proceed in due course, beginning with service of the complaint on the defendants."

In our case, since Loux has, by reason of the procedural errors in dismissing the original complaint, been led to file a totally insufficient amended complaint, simple justice requires that, on remand, he be permitted to file a second amended complaint restoring the personal defendants and the substance of his original claims, if he wishes to do so. After issuance of process and service of such an amended complaint, if one is filed, defendants may proceed by motion to dismiss, summary judgment, or by answer and trial, to test the sufficiency and merits of Loux' claims.

It need only be added that, since the majority does not agree with such a disposition of the appeal, Loux should at least know that any claim he may have under the Civil Rights Act against the original personal defendants has not been adjudicated in this proceeding, and may be reasserted by him. This is true not only because the majority opinion provides that the dismissal shall not operate as an adjudication on the merits, but because the original personal defendants, who have never been served with process, were dropped from the amended complaint.

During the period Loux has been imprisoned in execution of the sentence referred to above, the running of the applicable statute of limitations has been tolled. See Horn v. Bailie, 9 Cir., 309 F.2d 167, 168.