**In the Matter of Hugh Edward FLOWERS.**

**Misc. No. 136.**

United States District Court
E. D. Wisconsin.

Oct. 24, 1968.

instance the applicant, by his own act, has impaired his ability to perform the obligations of the marriage, thus precluding himself from reliance on the constitutional provisions. See Lewis v. The American Savings & Loan Association and others, 98 Wis. 203, 226, 73 N.W. 793, 39 L.R.A. 559 (1898). Additionally, the State of Wisconsin is not a person subject to suit under the Civil Rights Statutes. Loux v. Rhay, 375 F.2d 55 (9th Cir. 1967).

Now, therefore, it is ordered that leave to proceed in forma pauperis be, and it is hereby denied.

Hugh Edward Flowers, pro se.

Bronson C. LaFollette, Atty. Gen., of State of Wisconsin, for respondent.

### ORDER

GRUBB, Senior District Judge.

Hugh Edward Flowers, an inmate of the Wisconsin State Prison, has submitted a seventh appliction attacking the validity of his detention. In this purported complaint under the Civil Rights Statutes, brought in the name of Dorothy M. and Hugh Edward Flowers, it is contended that the enforced celibacy under the detention in the custodial institution constitutes impairment of the obligations under the marriage contract between the plaintiffs, who request compensatory damages in the amount of eight million dollars.

The application fails to state an actionable claim for various reasons. Foremost among these is that marriage is a social relation subject to the police power of the state and is not considered a contract within the constitutional protection against impairment. Maynard v. Hill, 125 U.S. 190, 211, 8 S.Ct. 723, 31 L.Ed. 654 (1888). Further, in this