972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin ADAMS, Plaintiff-Appellant,
v.
LOS ANGELES SUPERIOR COURT SYSTEM, et al., Defendants-Appellees.
 Nos. 91-55833, 91-55886.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, Benjamin Adams, a California state prisoner, appeals pro se the district court's dismissal of his civil rights action. Adams contends that the district court erred in dismissing his amended complaint as frivolous under 28 U.S.C. § 1915(d).[1] We vacate and remand.
 
 
 3
 In his original complaint, Adams alleged that three judges and a prosecutor conspired to secure his conviction. A magistrate judge filed a proposed report and recommendation in which he (1) recommended that the district court grant the defendants' motion to dismiss Adams's original complaint under Fed.R.Civ.P. 12(b)(6) on the ground that the judges and the prosecutor were absolutely immune from suit, and (2) gave Adams an opportunity to amend his complaint. Adams filed an amended complaint which named the Los Angeles Public Defender's Office and Public Defender Dennis Carroll as defendants. In the amended complaint, Adams alleged that his public defender conspired with state officials to secure his conviction and sought damages and an injunction vacating his conviction. Adams did not reassert the claims contained in his original complaint. The magistrate judge recommended that the district court dismiss the amended complaint as frivolous on the ground that a public defender does not act under color of state law. The district court adopted the magistrate's recommendations and dismissed the action.
 
 
 4
 A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A public defender "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" does not act under color of a state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Nevertheless, a public defender who conspires with state officials does act under color of a state law and may be liable under section 1983. Tower v. Glover, 467 U.S. 914, 923 (1984). When a state prisoner challenges the fact or duration of his confinement and seeks a determination that he is entitled to immediate release from imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1989) (habeas petition is the exclusive federal remedy "whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long"), cert. denied, 111 S.Ct. 1090 (1991). State prisoners must exhaust available state remedies before bringing a federal habeas petition. 28 U.S.C. § 2254(b). Nevertheless, the district court should stay, rather than dismiss, a prisoner's claim for damages while the prisoner exhausts his state remedies. Young, 907 F.2d at 878.
 
 
 5
 Because Adams's amended complaint alleged that his public defender conspired with state officials to secure his conviction, the amended complaint contains an arguable basis in law. See Tower, 467 U.S. at 923; Dodson, 454 U.S. at 325. Therefore, the district court erred in dismissing the action as frivolous. See Neitzke, 490 U.S. at 325. Nevertheless, the claim for damages should be stayed because Adams's claim that his conviction should be vacated must be raised in a habeas corpus petition and Adams has not shown that state remedies have been exhausted. See 28 U.S.C. § 2254(b); Preiser, 411 U.S. at 500; Young, 907 F.2d at 876, 878. Accordingly, we vacate the district court's judgment and instruct the court to stay the action while Adams exhausts state remedies.[2]
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We interpret the district court's dismissal of Adams's amended complaint before service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)
 
 
 [2]
 In his briefs on appeal, Adams also raises issues relating to the claims contained in his original complaint. Adams has waived these claims by failing to include them in his amended complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir.1990) ("[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967) (after amendment the original complaint no longer performs any function and is "treated thereafter as non-existent")