978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip Edward ROBINSON, Plaintiff-Appellant,
v.
John RATELLE, Warden, et al., Defendants-Appellees.
 No. 91-55924.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Oct. 29, 1992.
 
 Before FEINBERG,** GOODWIN and SCHROEDER, Circuit Judges.
 MEMORANDUM***
 Philip Edward Robinson appeals from an order, dated February 21, 1991, of the United States District Court for the Southern District of California, William B. Enright, J., denying Robinson injunctive relief and appointment of counsel. For the reasons set forth below, we affirm.
 
 I.
 
 1
 Robinson is a California state prison inmate. At one time, he was incarcerated at Richard J. Donovan Correctional Facility. While there, Robinson witnessed the stabbing of an inmate and supplied information about the attack to prison authorities. At that time, Robinson expressed his desire to be transferred to another facility because he feared for his safety. Thereafter, Robinson was transferred from the Donovan facility to the California State Prison at Corcoran.
 
 
 2
 After the transfer, Robinson filed a civil rights complaint against the prison authorities under 28 U.S.C. § 1983. In addition, he sought a temporary restraining order and a preliminary injunction to prevent prison authorities from transferring him out of Corcoran. Robinson's request was apparently based on his desire to be closer to his family and a fear of retaliation from inmates elsewhere. The TRO was denied, prison authorities having assured the court that Robinson would not be transferred until the court had ruled on the preliminary injunction. After a hearing in August 1990, the court also denied Robinson's request for a preliminary injunction. Robinson was transferred on December 4, 1990 to the California Men's Colony where he was evaluated and treated for depression and stress. He was moved to the Pelican Bay State Prison in January 1991.
 
 
 3
 Even though defendants had not objected to the sufficiency of his original complaint, Robinson sought leave to amend it. The district court granted this request, but it denied Robinson's second request for a TRO, which Robinson had asked for in order to secure additional time to make the amendment. In February 1991, Robinson did file an amended complaint, accompanied by still another request for injunctive relief. In a memorandum order dated February 21, 1991, the district court denied injunctive relief because Robinson had alleged no new facts regarding his personal safety to justify taking another "look." The court also denied Robinson's request for appointment of counsel. By notice of appeal "executed" in early March 1991, Robinson appealed from the February 21 order.
 
 
 4
 In April 1991, the prison authorities moved for summary judgment, which the district court granted in a memorandum order dated June 4, 1991. Robinson moved to vacate the court's summary judgment order. He argued that, although the court had addressed his claim to personal safety under the Eighth Amendment, it had failed to address various other claims alleging a denial of due process. The district court denied this motion in a memorandum order dated July 15, 1991. Robinson has not appealed from either the grant of summary judgment or denial of the motion to vacate.
 
 II.
 
 5
 In this court, Robinson presses a number of claims that the district court did not rule upon in its February 21 order denying injunctive relief (or for that matter, in its June 1991 and July 1991 memoranda granting summary judgment to defendants and refusing to vacate). The district court pointed out that Robinson's amended complaint superseded the original complaint and raised only the Eighth Amendment issue of "Robinson's concern for his safety." In this court, Robinson primarily raises his various due process claims. We agree with the district court that the amended complaint superseded Robinson's original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967); accord Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir.1990). Moreover, while the amended complaint contains a few glancing allegations concerning other matters, we cannot say that the district court was wrong to conclude that the amended complaint raised only the Eighth Amendment claim. Accordingly, that claim is the only claim properly before us.
 
 
 6
 Under the law of this circuit, when prison officials refuse to transfer an inmate who alleges that his well-being is in jeopardy, their inaction constitutes an Eighth Amendment violation only if it can be shown that prison "officials acted with 'deliberate indifference' to the threat of serious harm or injury by another prisoner." See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986) (citations omitted); see also Redman v. County of San Diego, 942 F.2d 1435, 1449 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 972 (1992). The decision not to transfer must display "deliberate indifference" to the inmate's personal security.
 
 
 7
 In this case, the district court found that "each time" prison officials decided to transfer Robinson, they took into account Robinson's "enemies list," officially known as the "Notice of Critical Case Information--Safety of Persons." At least one court has suggested that establishing and observing such screening procedures may be enough to obviate any showing of deliberate indifference. See Walsh v. Mellas, 837 F.2d 789, 797 (7th Cir.), cert. denied, 486 U.S. 1061 (1988). The district court found that prison officials have documented and investigated Robinson's complaints, have "continued to take steps to ensure Robinson's reasonable protection" and have "determined that Robinson could be safely housed at Pelican Bay." By contrast, the district court found that Robinson had made no showing--beyond "unsupported statements"--that his safety was in jeopardy. We see no persuasive reason why the district court's February 21, 1991 order should not be affirmed.
 
 AFFIRMED
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3