131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pamela WILLIAMS, Plaintiff-Appellant,
v.
Herman GOELITZ CANDY COMPANY, Bakers Confectionary and
Tobacco Workers International Union Local 125;
Jose Moreno, Defendants-Appellees.
 Nos. 96-15026, 96-15533.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1997.
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. CV-94-01226-WBS; William B. Shubb, District Judge, Presiding.
 Before BROWNING, CHOY, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pamela R. Williams ("Williams") appeals the district court's grant of summary judgment in favor of Herman Goelitz Candy Company ("Goelitz") in her action stating claims under Title VII, 42 U.S.C. § 1981, and California's Fair Employment and Housing Act ("FEHA"). Williams argues that genuine issues of material fact exist regarding her claims of race and gender discrimination, sexual harassment, retaliation, and breach of contract and the duty of fair representation. She also claims the district court erred in denying her leave to amend and dismissing her claims under 42 U.S.C. §§ 1985(3) and 1986.
 
 
 3
 Goelitz seeks review of the district court's denial of its motion for attorneys' fees and sanctions against Williams' attorney under 28 U.S.C. § 1927. In a separate motion, Goelitz also asks this court to strike portions of Williams' opening brief on appeal.
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on all issues.
 
 ANALYSIS
 
 5
 I. Grant of Summary Judgment in Favor of Goelitz
 
 
 6
 Williams claims she was discriminated against on the basis of her race and gender and that as a result of such discrimination she was denied transfer to another position, suspended, and finally discharged. She further states that she experienced sexual harassment resulting in a hostile work environment. Finally, she maintains that she was improperly retaliated against for making her complaints of discrimination known to the EEOC.
 
 
 7
 We affirm the district court. Williams fails to raise genuine issues of material fact regarding her discrimination, hostile work environment, and retaliation claims.
 
 A. Race and Gender Discrimination
 
 8
 Williams fails to establish a prima facie case of discrimination because she does not produce evidence that pan operators of a non-protected class were not disciplined for leaving engrossed candy unattended or for misrepresenting the status of their candy. See e.g. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889-91 (9th Cir.1994). As the district court explained, Williams did not introduce any evidence
 
 
 9
 that similarly situated non-protected employees engaged in conduct of comparable seriousness to hers. Thus, she is unable to establish that others were treated more leniently than she for conduct which resulted in her termination. Plaintiff was discharged for leaving potentially at-risk candy unattended. However, the record is clear that she is the only person to have been found to have engaged in such conduct.
 
 
 10
 (citations omitted).
 
 
 11
 According to Goelitz, Williams was fired because she left the candy unattended at a critical time, which Williams contests. But this would be a question of wrongful termination, not a question that involved discrimination in firing. We would not reach the question of whether material issues exist as to why she was fired until after she has successfully established a prima facie case of discrimination. Only then, in rebuttal of the alleged reason for the negative employment action, would a dispute as to whether the reason given was valid or pretextual defeat summary judgment.
 
 
 12
 Williams also did not provide any admissible evidence that others were not suspended for actions similar to those that led to her suspension. Williams was; suspended on three occasions for leaving her candy unattended. The evidence suggests either that her position as a panner made it difficult to leave her station at any time because she was responsible for the candy at critical stages, or that Williams excessively left without good cause. Moreover, Williams admits that Goelitz disciplined a supervisor for not being in his department, and Goelitz submits evidence that it has disciplined and even terminated employees of a non-protected class for conduct similar to that which led to Williams' suspensions.
 
 
 13
 In the promotion context, Williams admits she was not qualified for the position. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied,116 S.Ct. 1261 (1996); Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir.1988). By contrast, the individual hired had the required experience and therefore was more qualified for the position. Williams admits also that an African-American female worked in the relevant department. Furthermore, Williams' statistical evidence of Goelitz's hiring and promoting practices is relevant to the question of pretext, which is not reached where, as here, she has failed to establish a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 804-05 (stating that defendant's general policy and practice with respect to minority employment is relevant to showing of pretext).
 
 B. Hostile Work Environment
 
 14
 As a preliminary matter, this court must determine whether Williams exhausted her administrative remedies in her sexual harassment charge. Because the EEOC investigation into her sexual discrimination claim would have encompassed the additional sexual harassment charges, we affirm the district court's finding that Williams' sexual harassment claim was within the scope of the EEOC's investigation. See Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir.1990), (citing Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1476 (9th Cir.1989)).
 
 
 15
 The district court made findings that only three instances of sexually suggestive conduct were established: the graffiti in the men's restroom stating that "Pamela and Sylvia are lovers", a lewd drawing of a woman bent over, and an unwelcome proposition by a co-worker.[1] We hold that these incidents were not sufficiently offensive or pervasive to constitute a hostile work environment in violation of Title VII. Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir.1995) (quoting Ellison v. Brady, 924 F.2d 872, 875-76 (9th Cir.1991)). Williams herself did not see the graffiti in the men's bathroom and the picture of the woman bent over was not directed at her. Furthermore, co-worker's occasional and annoying or "merely offensive" comments do not constitute sexual harassment. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). See e.g. Steiner v. Showboat Operating Co., 25 F.3d 1459, 1463 (9th Cir.1994) (finding hostile environment where supervisor's ongoing comments and conduct were "sexually explicit, offensive, highly derogatory, and publicly made").
 
 
 16
 Williams offered numerous other examples of conduct resulting in a hostile work environment that the district court did not include in its findings These include several incidents where co-workers teased her, called her names, hid her time-sheets, moved her work materials, and told dirty jokes in her presence. The district court correctly excluded these incidents from its determination because none of them are of a sexual nature nor do they amount to harassment under Title VII, even taken in the aggregate. Moreover, Williams offered no evidence that Goelitz knew of and ignored this conduct; rather, the company took steps to correct the alleged improper events as soon as it learned of them. Fuller, 47 F.3d at 1527.
 
 
 17
 Williams also submitted evidence that on three occasions in June of 1990 she was the victim of violent verbal assaults by a co-worker. The district court was not clearly erroneous in excluding this evidence in its evaluation of her hostile environment claim because it occurred years before with no evidence that such conduct continued. See e.g. Fuller, 47 F.3d at 1527-28 (finding hostile environment during period where co-worker ran plaintiff off the road, forcibly extracted her unlisted telephone number, called her and threatened to kill himself but finding lack of hostile environment during period of infrequent contact). Furthermore, Williams fails to mention what exactly the co-worker had said or the context of the violent assaults.
 
 C. Retaliation
 
 18
 The district court granted summary judgment on Williams' retaliation claim because her alleged activities fell within §§ 7 and 8 of the National Labor Relations Act ("NLRA") and was therefore preempted by the NLRA. 29 U.S.C. §§ 157, 158(a). The district court did not err in so holding. See Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1061 (9th Cir.1989) ("any federal or state claim for wrongful discharge based on union activity is preempted by NLRA §§ 7 and 8").
 
 
 19
 As for her claims that she was retaliated against for filing complaints with the EEOC and for complaining to the Goelitz management, we decline to rule on these issues because they were not decided upon by the district court. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) (stating "[i]t is the general rule ... that a federal appellate court does not consider an issue not passed upon below.")
 
 
 20
 II. Local 125 Breached its Duty of Fair Representation
 
 
 21
 Williams settled her claims for breach of contract and breach of the duty of fair representation against Local 125 and the representative and forwarded a dismissal. We, therefore, decline to rule on these issues. We also decline to rule on Williams' request to set aside the settlement agreement as void due to duress and undue influence because this issue was not passed upon by the district court. See Singleton, 428 U.S. at 120.
 
 
 22
 III. Denial of Williams' Request for Leave to Amend
 
 
 23
 The district court denied Williams' request for leave to amend because she failed to show "good cause" why leave to amend a second time should be granted where Williams did not demonstrate diligence. See Fed.R.Civ.P. 16(b) (allowing for modification of pre-trial scheduling order "upon showing of good cause"). It took Williams ten months to discover she had left out her claim for intentional infliction of emotional distress and this realization came only after all discovery had been completed and Goelitz had filed a motion for summary judgment. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992) (stating that primary consideration in good cause determinations is "the diligence of the party seeking the amendment").
 
 
 24
 Even in light of the strong policy favoring amendment, we find the district court did not abuse its discretion in denying Williams' request to amend her amended complaint because Williams fails to show good cause why she should be granted leave to amend. Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir.), cert. denied, 117 S.Ct. 506 (1996).
 
 
 25
 IV. Dismissal of Williams' 42 U.S.C. §§ 1985(3) and 1986 Claims
 
 
 26
 Williams argues that the district court erred in dismissing her 42 U.S.C. §§ 1985(3) and 1986 claims of conspiracy to violate her civil rights. The district court dismissed the § 1985(3) claim on two grounds. First, to the extent her conspiracy claim was against Goelitz and Local 125, the district court held that WiLliams did not plead the claim with sufficient particularity. Second, with respect to Williams' claim that Goelitz conspired with its employees to violate her civil rights, the district court was persuaded by the Sixth Circuit case, Hull v. Cuyahoga Valley Bd. of Educ., 926 F.2d 505 (6th Cir.1991), which held that a school board cannot conspire with its employees in violation of § 1985(3) because they are not separate entities. See 926 F.2d at 509-10. Because a cause of action is not available under § 1986 absent relief under § 1985, the district court dismissed that claim, too.
 
 
 27
 Goelitz maintains this court should not review the §§ 1985(3) and 1986 claims because Williams failed to include them in her amended complaint, filed after the district court dismissed those causes of action. Goelitz argues that Williams "waive[d] any error in the ruling to the original complaint." Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967) (citation omitted); see also London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981). Williams counters that this rule is inapplicable where, as here, the district court dismissed the claims with prejudice and the claims were referred to, although not realleged, in the amended complaint.
 
 
 28
 We find that Williams has preserved these claims for appeal because she reserved the right to appeal them in her First Amended Complaint. However, we affirm the district court's dismissal of these claims because without successful Title VII claims, Williams' §§ 1985(3) and 1986 claims necessarily fail. See Great American Fed. Sav. & Loan Ass. v. Novotny, 442 U.S. 366, 372 (1979) (holding that § 1985(3) creates no substantive rights and is purely to remedy violations of federal rights).
 
 
 29
 V. Denial of Goelitz's Request for Attorneys' Fees
 
 
 30
 Goelitz originally requested attorneys' fees under a number of theories but appeals only the district court's refusal to sanction Williams' attorney under 28 U.S.C. § 1927. In order to sanction counsel under § 1927, the court must find either that the filings were frivolous and counsel was reckless, or that the filings may have had some merit but that counsel intended to harass the defendant. In re Keegan Mgmt. Co., 78 F.3d 431, 436 (9th Cir.1996). Goelitz urges this court to find the district court abused its discretion because it used the wrong legal standard.
 
 
 31
 Although it did not specifically analyze Goelitz's request for attorneys' fees under 28 U.S.C. § 1927, the district court relied on its inherent authority to impose sanctions on counsel for its analysis and found that Williams' lawsuit was neither frivolous nor intended to harass. Because the appellate court may affirm on any basis found on the record, Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 860 n. l7 (9th Cir.), cert. denied, 116 S.Ct. 170 (1995), we hold that the district court did not abuse its discretion in refusing to award Goelitz attorneys' fees. Mark Kind. Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 732 (9th Cir.1995).
 
 VI. Requests for Attorneys' Fees on Appeal
 
 32
 We deny both parties' requests for attorneys' fees on appeal
 
 
 33
 VII. Goelitz's Motion to Strike Portions of Williams' Opening Brief on Appeal
 
 
 34
 As per Ninth Circuit Rule 10-2, the record on appeal consists only of evidence filed with the district court as part of the clerk's record. Furthermore, review by this court is "limited to consideration of issues of fact presented to the district court." Harkins Amusement Enterprises, Inc. v. General Cinema Corp., 850 F.2d 477, 482 (9th Cir.1988). This does not include evidence outside the memorandum of points and authorities and statement of facts submitted for the summary judgment motion. See id.
 
 
 35
 Williams sought to use in this appeal evidence which was not before the district court. For that reason, we grant Goelitz' motion to strike portions of Williams opening brief which cite to evidence not filed with the district court because Williams did not include this evidence in her memorandum of points and authorities and statement of facts in opposition to summary judgment.
 
 CONCLUSION
 
 36
 We affirm the district court's holding that Williams failed to raise genuine issues of material fact regarding her discrimination, hostile environment, and retaliation claims. Additionally, we affirm the district court's denial of leave to amend and dismissal of Williams' §§ 1985(3) and 1986 claims. We decline to rule on Williams breach of duty of fair representation claim. We also affirm the district court's denial of Goelitz' request for attorneys' fees, and we grant Goelitz' motion to strike portions of Williams' opening brief. Finally, we deny both parties' requests for attorneys' fees on appeal, but award costs on this appeal to Goelitz.
 
 
 37
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The co-worker said, "Mmmm-Mmmm. I could be your sugar daddy. Come on girl. Come on." and "Oh I got money, I got big money. Come on girl. "