NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HOAI DANG, on behalf of himself and all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>        Defendants-Appellees. | No.   15-16768<br><br>D.C. No. 5:14-cv-00530-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted October 17, 2016
San Francisco, California

Before:  THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

Hoai Dang appeals the district court's order granting the motion to compel

arbitration filed by Samsung Telecommunications America, LLC, Samsung

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Electronics America, Inc., and Samsung Electronics Co., Ltd. (collectively, "Samsung"). We have subject matter jurisdiction under 28 U.S.C. § 1291.

The district court erred in granting Samsung's motion to compel arbitration because Dang and Samsung did not form an agreement to arbitrate under California law. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). Dang did not expressly agree to the arbitration provision contained in the "Standard Limited Warranty," which was included in the brochure entitled "Important Information for the Samsung SPH-L710" contained in the Galaxy SIII box. Nor did Dang accept Samsung's offer by failing to opt out of the arbitration provision because an offeree's silence does not constitute acceptance under California law, *Golden Eagle Ins. Co. v. Foremost Ins. Co.*, 20 Cal. App. 4th 1372, 1385 (1993), and the inclusion of an arbitration provision in a product box is not an exception to this general rule, *Norcia v. Samsung Telecomms. Am.*, No. 14-16994, — F.3d — (9th Cir. 2017). Moreover, even if Dang could be bound in certain circumstances by the failure to opt out of terms included in a product box under California law, no contract was formed in this case because Samsung did not provide Dang with adequate notice that the information brochure contained an offer to enter into a bilateral contract. *See id.*; *see also Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 993 (1972). Although the back of

2

the Galaxy SIII box gave Dang notice that the box contained a "warranty disclaimer associated with SAFE," a seller's offer of a warranty does not create a binding bilateral contract with a buyer. *Norcia*, No. 14-16994, — F.3d at —.

Dang did not concede that he formed an agreement to arbitrate with Samsung in his operative complaint. Dang's "amended complaint supersedes the original, the latter being treated thereafter as non-existent," *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc), and Dang argued in his opposition to Samsung's motion to compel that the parties failed to form an agreement to arbitrate.

**REVERSED AND REMANDED**