**Donald Gene BOAG, Plaintiff,**

v.

**C. JOHNSON, Police Officer, Chula Vista, California, et al., Defendant.**

**Civ. No. 68-181.**

United States District Court,
S. D. California.

Feb. 10, 1972.

Donald Gene Boag, in pro. per.

James R. Milliken, McInnis, Fitzgerald, Rees & Sharkey, San Diego, Cal., for defendants.

## ORDER

GORDON THOMPSON, Jr., District Judge.

This matter is before the Court upon a defense motion to dismiss the first amended complaint (1) under Rule 41(b), F.R.C.P., for failure of the plaintiff to prosecute this action, and (2) under Rule 12(b)(6), F.R.C.P., as applied in Chubbs v. City of New York, 324 F.Supp. 1183 (E.D.N.Y.1971).

Plaintiff, a state prisoner, brought a civil action for damages against four police officers of the City of Chula Vista, alleging a violation of his civil rights. He invokes jurisdiction under 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 1331 and 1343. The original complaint was filed on August 1, 1968. An amended complaint was filed on May 5, 1969. From September, 1969, until November, 1971, no action was taken by either party. On November 24, 1971, the defendants filed the instant motion to dismiss.

The conduct complained of occurred in 1966. The gist of the claim is that one of the defendants arrested the plaintiff, searched him without a warrant, failed to warn him of his constitutional rights, then took him to the scene of the crime and there subjected him to a one-man line-up in the midst of a "prejudicial and highly suggestive carnival atmosphere." The other defendants were police officers involved in the arrest, investigation of the crime, and the administrative processing of the plaintiff following his arrest.

On September 8, 1966, plaintiff entered a plea of guilty to the crime of burglary in violation of California Penal Code § 459 in San Diego Municipal Court. That plea was affirmed by plaintiff in San Diego Superior Court one week later. He is now incarcerated as a result of that plea and two addi-

tional unrelated judgments imposed by different jurisdictions.

Plaintiff alleges that the conduct of the defendants "constituted a deliberate and malicious intentional infliction of mental and emotional distress, causing plaintiff great pain of body and mind, resulting in a severe disturbance, and continued incarceration."

Because "[p]risoner pro se applications raise some of the most troublesome current problems in judicial administration," Chubbs v. City of New York, *supra* at 1189, especially in civil rights actions, the Ninth Circuit has outlined the proper procedures to be followed by the district courts when dealing with motions to dismiss. Potter v. McCall, 433 F.2d 1087, 1088 (9th Cir. 1970); Dodd v. Spokane County, 393 F.2d 330 (9th Cir. 1969); Armstrong v. Rushing, 352 F.2d 836 (9th Cir. 1965); Harmon v. Superior Court, 307 F.2d 796 (9th Cir. 1962).

All of the procedural requirements established by those cases have been complied with in the instant case. The plaintiff has filed his written opposition to the defendants' motion. Therefore, it is appropriate to reach the merits of the defendants' motion to dismiss.

### I. Failure to Prosecute

■ In spite of the fact that this case has lain dormant in the court files for a period in excess of two years, this Court is reluctant to grant a dismissal under Rule 41(b). The plaintiff's opposition to the motion to dismiss quite correctly makes reference to the backlog of civil cases which existed in this District during the period in which this action was begun. A review of the file indicates numerous continuances of pretrial motions and pretrial conferences, mostly due to court congestion. Plaintiff was informed by the Clerk of the Court in October of 1969 that the case was then held under submission by the Court and that no further dates had been· set for pretrial proceedings.

While it may have been imprudent for the plaintiff not to have taken some action during the following two years to have his case put back on calendar, or at least to have made inquiry as to the status of the case, it does not appear that his inactivity was the sole cause of the resulting delay. Accordingly, the Court will not dismiss the action for failure to prosecute.

### II. Failure to State a Claim Upon Which Relief can be Granted.

■ Relying primarily but not exclusively upon the rationale of Chubbs v. City of New York, *supra,* defendants urge that a motion to dismiss for failure to state a claim upon which relief can be granted is in order where incarceration of the plaintiff prevents or delays trial on the merits and where damages are remote.

The rule set forth in *Chubbs* is as follows:

"(1) [W]hen the facts as determined from an uncontradicted record of a state trial or hearing are clear they may be 'presumed to be correct' (*cf.* 28 U.S.C. § 2254(d)), and if (2) there is a claimed violation of constitutional rights by non-violent arrest and a short detention occurring during a regular criminal prosecution, and if (3) there has been no appreciable *physical or psychic harm above that* to be expected in a legitimate and lawfully conducted prosecution, and if (4) there are no aggravating circumstances such as racial prejudice, or an independent design to deprive the defendant of a constitutional right such as free speech [citations omitted] or action shocking to the conscience [citations omitted], a civil rights action may be dismissed at the pleading stage. [citations omitted.]"

The case now before the court would seem to fall within the scope of this rule. This court has examined the record of a habeas corpus proceeding filed by the plaintiff in this district

shortly after the original complaint in the instant case was filed. Boag v. Craven et al., Civil No. 69–118–K.

Ostensibly, the petition mounted an attack on the plaintiff's state court guilty plea, alleging that said plea was coerced and induced. The statement of facts set forth therein is virtually identical to the statement of facts set forth in the civil rights complaint. The theory set forth in the habeas petition was that the guilty plea was improper because it was coerced and induced by the following alleged constitutional violations: 1) illegal line-up; 2) illegal search and seizure; 3) failure to warn him of his constitutional rights; and 4) failure to provide him with appointed counsel upon his arrest. In an affidavit seeking leave to proceed *in forma pauperis*, the petitioner (plaintiff) stated: "That the grounds in said civil rights complaint are similar to the grounds in the instant petition for writ of habeas corpus."

Most of the issues presented in that petition were denied in a decision dated September 19, 1969. Following an evidentiary hearing at which the petitioner testified, the remaining issues were decided adversely to plaintiff, the petition was denied, and the case dismissed.

Also to be gleaned from the record in Civil No. 69–118–K is the fact that the plaintiff has instituted a multitude of collateral attacks upon his conviction, each one of which raised some or all of the same issues presented here. For instance, in a habeas petition filed in Sacramento County Superior Court, No. 32755, the issues of illegal search and seizure and induced guilty plea were raised. That petition was denied January 2, 1968. Another habeas petition in the same court, No. 33581, alleging lack of counsel, illegal line-up, illegal search and seizure, and coerced plea, was denied on September 16, 1968. The same issues were presented to the Third District Court of Appeals, No. 3/A. 5081, denied October 2, 1968. A Writ of Error Coram Nobis, No. CR–10256, was denied by the Superior Court of San Diego County on May 27, 1968. The issues raised there were: illegal search and seizure, illegal line-up, failure to warn him of his constitutional rights, lack of counsel, and coerced plea.

There is no point in further detailing this man's efforts to attack his convictions. They are numerous. The energy expended by our judicial system, both state and federal, to ensure that this plaintiff has been treated fairly and justly is enough to stagger the imagination. It is inconceivable that any rational mind would consciously seek to construct a system of justice which would allow itself to be abused in such a manner as the case at hand. It is the conclusion of the court, therefore, that the facts revealed by the full record in the federal habeas action, including copies of several decisions denying habeas relief attached as exhibits thereto, show beyond doubt that plaintiff's constitutional rights were not violated. The probability that a new trial will result in a different factual or legal conclusion is remote. The nature of the plaintiff's allegations are not such as to fall outside the second and third parts of the *Chubbs* rule, and there are no allegations which relate to any of the factors set forth in the fourth and final part of the rule.

Accordingly, in light of the facts judicially noticed, dismissal of the complaint under Rule 12(b)(6) is appropriate. However, plaintiff is granted thirty days to present specific allegations of fact casting doubt on the conclusions reached by this court. Upon a failure to supply a satisfactory response the civil rights complaint will be dismissed with prejudice.

It is so ordered.