**Donald Gene BOAG, Plaintiff-Appellant,**

v.

**C. JOHNSON, etc., et al., Defendants-Appellees.**

**No. 72-2008.**

United States Court of Appeals, Ninth Circuit.

Dec. 5, 1972.

Donald Gene Boag, in pro. per.

James R. Milliken, of McInnis, Fitzgerald, Rees & Sharkey, San Diego, Cal., for defendants-appellees.

Before HAMLEY, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

Boag appeals from the dismissal of his civil rights action brought against certain California police officers. They participated in his arrest, detention and questioning. The complaint charges that they violated various of his constitutional rights. Boag pled guilty to the charge that was the basis of the arrest, and is now serving his sentence under the California Adult Authority.

The dismissal was under Rule 12(b)(6), F.R.Civ.P. The court, 54 F.R.D. 178, applied the special rule for actions brought by prisoners devised by Judge Weinstein in Chubbs v. City of New York, E.D.N.Y., 1971, 324 F.Supp. 1183.

We have considerable sympathy with the views there expressed which were echoed by Judge Gordon Thompson, Jr., in this case. But we hold that, under Cruz v. Beto, 1972, 405 U.S. 319, 320–322, 92 S.Ct. 1079, 31 L.Ed.2d 263, the dismissal cannot be upheld. *See also* Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652. The complaint does state a claim upon which relief can be granted. We note that Cruz v. Beto, *supra,* had not been decided when Judge Thompson acted.

Reversed and remanded.