## CONWAY *v.* CALIFORNIA ADULT AUTHORITY ET AL.

No. 40.   Argued November 12, 1969—Decided December 8, 1969

*Charles Stephen Ralston,* by appointment of the Court, 394 U. S. 941, argued the cause and filed briefs for petitioner.

*Arlo E. Smith,* Chief Assistant Attorney General of California, argued the cause for respondents.   With him on the brief were *Thomas C. Lynch,* Attorney General, and *George R. Nock,* Deputy Attorney General.

PER CURIAM.

The petition for habeas corpus in this case, which was filed in the District Court for the Northern District of California and which was prepared by petitioner *pro se,* attacked the constitutionality of petitioner's confinement in the state prison system pursuant to the California

Indeterminate Sentence Law.[1]   Petitioner recited that he
was convicted in 1952 on two counts of first-degree rob-
bery and was given consecutive sentences of not less than
five years each, with no maximum prescribed by law.
California law provides that where no maximum
term is set, the punishment shall be life imprisonment
subject to the power of the California Adult Authority
to "determine and redetermine" the length of time that
a prisoner shall be required to serve.   Cal. Penal Code
§§ 671 (1955), 1168, 3020 (1956).

Petitioner asserted that in June 1961 he appeared
before the Adult Authority for parole consideration, as
he had done on a yearly basis during his confinement.
According to petitioner, during that appearance the mem-
bers of the Authority evinced an intention to extend
his term beyond March 1962, the date that had been
tentatively set for his discharge, solely because petitioner
refused to admit his guilt.[2]   Shortly after the appear-
ance, the Adult Authority rescinded its earlier action
scheduling petitioner for release in 1962; no new date
for release was fixed, and petitioner has remained in
custody continuously since that time.

The petition for habeas corpus stated flatly that the
appearance before the Authority in June 1961 was for
routine parole consideration; petitioner claimed that he
had been free from infractions of prison rules for at least

---

[1] See Cal. Penal Code § 1168 (1956) and provisions there listed.

[2] Petitioner claimed that his discussion with the members of the
Authority had turned to what he planned to do if released.   When
petitioner stated that he expected to go "to Bakersfield," one mem-
ber responded: "But that is where you got into this trouble.   What
are you planning to do there?"   Petitioner declared, "I'm going to
fight my case," prompting the member to ask whether petitioner
had not admitted to the Authority, two years earlier, that he was
guilty.   After petitioner denied the previous admission, the members
raised—assertedly for the first time—the possibility of extending
petitioner's term.

a year prior to the appearance. He further declared that he was given no reason for the redetermination of his sentence, and received no notice or hearing concerning any possible basis for such action. In conclusion, petitioner stated that, "obviously, the only reason for this action was to coerce petitioner to plead guilty and not challenge his conviction after being released on discharge."

Respondents filed no response to the petition in the District Court. That court denied the writ without a hearing, in a brief order stating that no federal questions had been presented. The Court of Appeals for the Ninth Circuit denied a certificate of probable cause to appeal for the reasons expressed by the District Court, and petitioner applied to this Court for a writ of certiorari. On the facts recited by petitioner, we granted certiorari to consider his contention that his privilege against compulsory self-incrimination had been infringed by the prison authorities. 393 U. S. 1062 (1969).

In its brief on the merits, respondents have brought to our attention a series of prison documents, whose accuracy has in no way been drawn into question by petitioner, that cast petitioner's detention in a light wholly different from that shed by his petition for certiorari. These documents show that in December 1960 Conway was served with a notice charging him with violation of prison rules and informing him that the violation might result in a refixing of his prison term; he attended a hearing at which he was found guilty of fighting with another prisoner and was sentenced to three days in isolation, with a recommendation that his Adult Authority appearance be postponed until June 1961. Following that appearance, as petitioner notes, the Authority rescinded its earlier action fixing a determinate sentence, thereby reinstating by operation of law his initial indeterminate sentence. Thus, it now appears respondents have documentary evidence that the actual facts simply do not

present the issue for which certiorari was granted by us.

That this imposition on this Court has been revealed only at this late stage seems to have been the result of the policy of the Attorney General of California, as explained in the respondents' brief, to make no response to habeas corpus petitions of state prisoners unless the court in which a petition is filed requests a response, as for example, so respondents say, by issuing an order to show cause why the writ should not be granted. Since no response eventuated in this instance and respondents also failed to flush the problem at the certiorari stage,[3] both this Court and the attorney appointed by the Court to represent petitioner here have unwittingly been placed in the unfortunate posture of addressing a situation that does not exist.

In this state of affairs we decline to adjudicate this case. Were we to pass upon the purely artificial and hypothetical issue tendered by the petition for certiorari we would not only in effect be rendering an advisory opinion but also lending ourselves to an unjustifiable intrusion upon the time of this Court. Accordingly, the writ of certiorari is dismissed as improvidently granted.

*It is so ordered.*

---

[3] In response to the petition for certiorari respondents merely locked horns with the allegations of the petition as filed, without drawing the Court's attention to the actual facts as subsequently revealed in its brief on the merits.