James X. CONWAY, Appellant,

v.

I. SLAUGHTER, Psychiatrist, California Medical Facility, and Fifty-Eight Others, Appellees.

No. 25782.

United States Court of Appeals, Ninth Circuit.

April 9, 1971.

---

2. It is appropriate to note that resourceful appellate counsel did not represent the defendant in the trial court.

James X. Conway, in pro. per.

Evelle Younger, Atty. Gen., Edward P. O'Brien, George R. Nock, Deputy Attys. Gen., San Francisco, Cal., for amicus curiae in support of appellees.

Before HAMLEY, DUNIWAY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

James X. Conway filed this civil rights action in the district court pursuant to 42 U.S.C. § 1981 et seq. and 28 U.S.C. §§ 1331, 1343(3). The district court permitted the filing of the complaint in forma pauperis, and then on its own motion dismissed the complaint without prejudice for failure to allege the facts supporting the claim with sufficient clarity or specificity.

An order purporting to dismiss a complaint, but not the action, is not appealable under 28 U.S.C. § 1291 unless it appears that "a court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make." Jackson v. Nelson, 405 F.2d 872, 873 (9th Cir. 1968).

Conway's complaint alleged a conspiracy by one named defendant and fifty-eight unnamed "others" to subject plaintiff, a California state prisoner, to religious persecution and deny him access to the courts. Several overt acts in furtherance of the conspiracy are alleged, including beatings, forced medication and the submission to the United States Supreme Court of a forged document which, it is alleged, induced the Court to dismiss *certiorari* in Conway v. California Adult Authority, 396 U.S. 107, 90 S.Ct. 312, 24 L.Ed.2d 295 (1969). The allegations are vague and conclusory in form and generally fail to meet the standard of factual specificity required in civil rights actions. *See* Williams v. Dunbar, 377 F.2d 505, 506 (9th Cir. 1967); Stiltner v. Rhay, 322 F.2d 314, 316 n. 4 (9th Cir. 1963). Moreover, there is no allegation that the defendants, or any of them, acted under color of state law as required by 42 U.S.C. § 1983.

It is apparent from the language of the district court's order dismissing the complaint "without prejudice should plaintiff desire to clarify his factual allegations by citing specific acts of mistreatment," that the court did not determine that the action could not be saved by amendment. Appellant remains free to file an amended complaint. Under these circumstances the order is not final and therefore is not appealable.

The appeal is dismissed.