James X. CONWAY, Appellant,

v.

Walter A. DUNBAR et al., Appellees.

No. 25347.

United States Court of Appeals,
Ninth Circuit.

Aug. 24, 1971.

James X. Conway, in pro. per.

Evelle J. Younger, Atty. Gen., Tamal, Cal., for appellees.

Before KOELSCH and HUFSTEDLER, Circuit Judges, and POWELL,* District Judge.

PER CURIAM:

The United States District Court, for the Northern District of California, invoking a local rule, dismissed on its own motion this Civil Rights action on the ground that plaintiff had failed to diligently prosecute the same.

 Plaintiff, as a state prisoner, was entitled to have the Clerk of the District Court cause summons and complaint to be served. Potter v. McCall, 433 F.2d 1087 (9th Cir. 1970). But plaintiff did not provide the clerk with copies of his complaint (as amended); after nearly two years passed and plaintiff still had not done so, the district court issued its order to show cause preliminary to dismissal of the action. In response to that order, plaintiff filed an answer which contained allegations to the effect that prison officials and guards had thwarted all his attempts to supply the requisite copies and to communicate with the court. However, the district court, in resolving the issue, was entitled to consider not only its own records, which showed that during the period under consideration plaintiff had commenced numerous actions in the United States District Court, but also to note that he had prosecuted four appeals.[1] In this milieu, the order of dismissal did not constitute an abuse of the district court's discretion.[2]

The judgment is affirmed.

---

* Honorable Charles L. Powell, United States District Judge, Spokane, Washington, sitting by designation.

1. Conway v. Oliver, 429 F.2d 1307 (9th Cir. 1970), civil rights suit alleging denial of access to the courts; judgment on merits against Conway affirmed on appeal;

Conway v. Fugge, 439 F.2d 1397 (9th Cir. 1971), civil rights suit alleging denial of access to the courts; dismissal of complaint as "frivolous" affirmed on appeal;

Conway v. Slaughter, 440 F.2d 1278 (9th Cir. 1971), civil rights suit alleging denial of access to the courts, religious persecution and physical mistreatment—essentially the same claim as the one involved in the instant appeal; dismissal without prejudice for failure to cite specific acts of mistreatment held on appeal not to constitute final appealable order;

Conway v. Procunier (No. 25295, 9th Cir. 1971), civil rights suit alleging religious persecution returned to District Court following determination on appeal that no final appealable order had been entered by the court below.

So far as we can ascertain, the Slaughter and Procunier suits are presently pending in the district court.

2. During the pendency of the order to show cause, plaintiff sought a court order to enable him to be present at the hearing. To that end he commenced a separate suit purportedly for a writ of habeas corpus. The district court denied him relief and plaintiff filed a notice of appeal from that decision. However, both the appeal in the Civil Rights and the "habeas" action have been docketed here under a single number and as a single case.

Treating the habeas matter as a motion, we conclude that denial was proper. A state prisoner is entitled to notice of motion to dismiss his civil rights action and an opportunity to respond. Plaintiff was afforded both. But plaintiff was not entitled "as a matter of right" to appear personally at a hearing in his Civil Rights action. Armstrong v. Rushing, 352 F.2d 836 (9th Cir. 1965). Plaintiff's showing (i. e., his "habeas" complaint) did not require the grant of his motion and the record reveals that the district court extended to plaintiff all rights to which he was entitled.