**SEARS, ROEBUCK AND CO., on its own behalf and on behalf of other charging parties under the National Labor Relations Act, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD and Eugene G. Goslee, Acting General Counsel, in his own behalf and as agent for the National Labor Relations Board, Defendants.**

Civ. A. No. 1571–71.

United States District Court,
District of Columbia.

Aug. 10, 1972.

Lederer, Fox & Grove, Chicago, Cole, Zylstra & Raywid, Washington, D. C., and Gerard C. Smetana, Chicago, for plaintiff.

Glenn M. Bendixen, Chief Sp. Litigation, N.L.R.B., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

This cause is before the Court on cross motions for summary judgment.

Plaintiff[1] Sears, Roebuck and Co. (hereinafter Sears) is a "charging party" before the National Labor Relations Board, (Board Case No. 19–CB–1673), and seeks access, pursuant to the Freedom of Information Act (hereinafter the Act), 5 U.S.C. § 552, to certain documents issued by the Office of the General Counsel of the Board, commonly referred to as Advice and Appeals memoranda, and certain other materials incorporated by reference therein.

The Act grants this Court jurisdiction "to enjoin the defendants from withholding agency records" prospectively in addition to "order[ing] the production of any Agency records improperly withheld" from a complainant. 5 U.S.C. § 552(a) (3).

Defendants have historically maintained a uniform policy of withholding the sought-after documents, and, although a portion of the memoranda have been made available by defendants to the public during the pendency of this case,[2] the defendants maintain that this

---

1. Plaintiff argues that it is a proper class representative and may therefore seek relief on behalf of a class of charging parties before the National Labor Relations Board. Since whatever relief this Court chooses to grant the plaintiff will neces-

sarily be binding on the defendants as to all persons, the Court need not and does not address this issue.

2. On February 3, 1972 the General Counsel announced that, while he still considered

revelation reflects a voluntary change of policy and is not required by the Act. Defendants also refuse to make available documents incorporated by reference in said memoranda, and have deleted from the documents made available such matter as the names of parties, the names of attorneys and citations to prior Advice and Appeals memoranda.

The controversy giving birth to this action [3] arose between the plaintiff and the Retail Clerk's International Union (hereinafter "Union") in April, 1971. The plaintiff charged the Union with violating Section 8(b) (3) of the National Labor Relations Act (hereinafter, N.L.R.A.). As required by N.L.R.A. plaintiff Sears filed its charge with the Regional Director of the Nineteenth Region of the National Labor Relations Board in Butte, Montana, (hereinafter, Regional Director). The objective of the plaintiff in bringing its charge to the Regional Director was to obtain the issuance of a complaint against the Union.

Under the provisions of the N.L.R.A. the final authority to issue such a complaint is vested in the office of the Board's General Counsel 29 U.S.C. § 153(d).[4] The General Counsel has in turn delegated the initial power to determine whether a complaint should be issued to the Regional Directors. National Labor Relations Board, Organization and Functions, Section 203.1, 32 F. R. 9588. Board Statements of Procedure, Sec. 101.4, 29 C.F.R. Sec. 101.4.

To promote uniformity in the administration of the Act, the General Counsel required that Regional Directors when faced with requests that raise "novel" problems, submit a description of the request to the General Counsel's Office in Washington for "Advice" as to disposition. Statements of Procedure, Sec. 101.8. The ostensible purpose behind this procedure is to insure that new questions arising in the field of labor relations be handled in substantially the same manner in all parts of the country. In this way Advice memoranda are issued in all the novel and significant cases brought by charging parties. After extensive centralized consideration the Advice branch of the Office of the General Counsel issues these memoranda containing its final conclusions to the regional directors, who regularly implement these memoranda by issuing or refusing to issue complaints as "advised" by the Advice Branch.

Defendants claim that these memoranda include a diversity of information including settlement suggestions. However, careful examination of the procedure reveals that the net effect of an Advice memorandum is to truncate the delegated authority of a Regional Director to the point where his issuance of a complaint or refusal to do so is merely a ministerial function. Far from being recommendations, although ancillary recommendations may be contained therein, Advice memoranda are instructions mandatory in substance if not in form. As such, they constitute "instructions to staff that affect a member of the public." 5 U.S.C. § 552(a) (2) (C).

When a regional director fails to issue a complaint, either pursuant to the recommendation of the Advice Branch, or independently in a case not referred to the Advice Branch, the charging party may move the Office of the General Counsel to reconsider the decision by seeking relief from the Office of Appeals. Statements of Procedure, Sec.

---

the Advice and Appeals memoranda protected by the Freedom of Information Act, he would make available all Advice and Appeals memoranda when the case involved was completed.

3. In related proceedings this Court issued a preliminary injunction on March 17, 1972 staying proceedings in Board Case No. 19–CB–1673 until records which the

Board made available to the plaintiff (only after substantial delay) could be examined by the plaintiff for use in that case before the Board.

4. The General Counsel concedes that in the performance of his pre-complaint prosecutorial authority, he is clearly an agency within the meaning of 5 U.S.C. § 551(1).

101.6. The conclusions of the Office of Appeals have traditionally been summarized in memoranda called the "General Counsel's Minute." Plaintiff does not seek access to these documents.

Thereafter the General Counsel either sustains the refusal to proceed or orders the Regional Director to issue the complaint. Additionally the Office of Appeals prepares a second memorandum—the "agenda minute"—which provides an analysis of the decision and which is sent to the Regional Director. It is access to this second group of appeals memoranda that plaintiff seeks.

Letters containing only the result, though not necessarily the underlying rationale, were sent to the parties previously in this action. During the pendency of this action a new policy has been instituted by the General Counsel whereby a portion of the information found previously only in the agenda minutes is included in these letters.

The Action of the General Counsel's office on appeals of the refusal of Regional Directors to issue complaints, whether made pursuant to "advice" from the Counsel office or otherwise is clearly final. This is not a preliminary view or a record of advocacy and debate, it is a final determination of the General Counsel's staff of the disposition of a charge. It is not an expression of a point of view, it is the disposition of a charge. As such the Appeals memorandum lies outside the Act's § (b) (5) exemption. Congress intended by that exemption only to promote the "free flow of information" Ackerly v. Ley, 137 U. S.App.D.C. 133, 420 F.2d 1336, 1341 (1969), and did not "design [it] to facilitate the easy exchange of substantive declarations of policy. Indeed, if it were, the exemption would have clearly engulfed the rule." Sterling Drug, Inc. v. F.T.C., 450 F.2d 698, 713 (D.C.Cir. 1971) Bazelon J. dissenting in part. *See also,* Davis, "The Information Act: A Preliminary Analysis," 34 Chicago Law Rev. 761. Since the memoranda lie outside the exemption, they *must* be disclosed. Tennessean Newspapers, Inc. v.

F.H.A., 464 F.2d 657 (6th Cir., 1972); Getman v. N. L. R. B., 450 F.2d 670, 672 (D.C.Cir. 1971).

It follows, further, that documents incorporated by reference in Advice and Appeals memoranda, even though possibly qualified for a Sec. (b) exemption taken separately, must also be disclosed, since they have lost their exempt status by incorporation. American Mail Line, Ltd. v. Gulick, 133 U.S.App.D.C. 382, 411 F.2d 696, 703 (1968).

▆▆▆▆ Upon consideration of the undisputed facts and after examining examples of the requested memoranda, this Court concludes: (a) that the Advice and Appeals memoranda are not "intra-agency memorandums" within the meaning of § 552(b) (5) of the Act; (b) that the Advice memoranda are "instructions" which affect a member of the public within the meaning of the Act; (c) that the Appeals memoranda issued in cases still pending, including those issued in Board Case No. 19–CB–1673, are "final opinions" within the meaning of the Act; (d) that documents expressly incorporated by reference are in fact part of said memoranda; (e) that in cases where the aforesaid memoranda rely upon and make reference to the "circumstances of the case" without delineating these "circumstances" the General Counsel must produce explanatory material including documents unless the General Counsel demonstrates such documents to be exempt; (f) that the Advice and Appeals memoranda made available shall include the names of the parties, the names of the attorneys, citations to prior cases and all other information for which justification for deletion has not been explained fully in writing except the names of affiants, and settlement suggestions from the Office of the General Counsel to the regional directors; and (g) that, the Act requires that the Advice and Appeals memoranda issued since July 4, 1967 be indexed and such indices be made available to the public.

Accordingly, the Court concludes that the plaintiff's motion for summary judgment should be granted and the defend-

ant's motion for summary judgment be denied. It is SO ORDERED and further ORDERED that

(1) that defendants promptly make available to the public all Appeals and Advice memoranda issued since July 4, 1967, and any document expressly incorporated therein by reference;

(2) that defendants with reasonable promptness produce and compile, if necessary, indices of said memoranda;

(3) that defendants produce explanatory material including existing documents in those instances where Advice or Appeals memoranda rely upon the "circumstances of the case" or some other vague and imprecise reference without delineating what those circumstances are except where they can demonstrate that these documents are exempt under the Act;

(4) that defendants cease and desist from deleting from said Appeals and Advice materials the names of parties, the names of attorneys, citations to prior cases and all other information for which a justification for deletion has not been explained fully in writing except settlement suggestions from the Office of the General Counsel and the names of affiants.