**UNITED STATES of America,**
**Plaintiff,**

v.

**J. B. WILLIAMS COMPANY, INC.,**
**Defendant.**

**No. 70 Civ. 1589.**

United States District Court,
S. D. New York.

Oct. 23, 1975.

Paul J. Curran, U. S. Atty., S.D.N.Y. by Patricia M. Hynes and Frederick P. Shaffer, Asst. U. S. Attys., New York City, for the U. S.

Hughes, Hubbard & Reed by Powell Pierpont, New York City, Covington & Burling by Charles A. Horsky, John E. Vanderstar, Washington, D. C., Henry E. Schultz, New York City, for J. B. Williams Co., Inc.

PIERCE, District Judge.

## OPINION AND ORDER

Defendant in this civil penalty action moved for an order compelling discovery of certain documents pursuant to Rule 37(a) Fed.R.Civ.P. By order of this Court dated July 2, 1975, the motion was referred to Magistrate Raby. The Magistrate's report was received by this Court on September 9, 1975. That report stated that of the seven categories of documents requested by defendant, three categories were no longer at issue. As to the four remaining categories, the Magistrate concluded that all documents sought were immune from disclosure by virtue of Exemption 5 of the Freedom of Information Act, 5 U.S.C. § 552(b) (5). The Magistrate reached this conclusion after having ordered *in camera* review of documents in Category One; he did not review documents in Categories Three, Six or Seven.

Counsel for defendant filed timely objections to the recommendations of the Magistrate, and those objections were received by this Court on September 18, 1975. On September 22, 1975 this Court issued an order to counsel for plaintiff, directing production of the relevant documents for *in camera* review. The order further directed counsel for plaintiff to furnish the Court with an affidavit

of a person with personal knowledge to the effect that all documents described in Document Categories One, Six and Seven required by law to be disclosed as policy of the Federal Trade Commission related to this case had been in fact furnished to defendant. In an affidavit filed October 3, 1975, counsel for plaintiff declined to supply such a statement, stating that such a statement called for a legal conclusion to which neither counsel nor any employee of the Commission was competent to swear under oath. On October 8, the Court directed counsel for plaintiff to comply with the order of September 22, 1975. Thereafter, on October 10, 1975, counsel for plaintiff provided the Court with an affidavit listing six documents which had been sent to defendant and stating that said documents constitute all documents required by law to be disclosed as policy of the Commission related to this case. By October 16, 1975, all documents in the possession of the plaintiff described in Documents Categories One, Three, Six and Seven had been produced for review *in camera*. The Court has carefully reviewed fifteen different documents in Category One, and directs that three of those documents be furnished to defendant in that they constitute "final opinions" of an agency and "instructions to staff that affect a member of the public." 5 U.S.C. § 552(a)(2)(A) and (C). As regards the other twelve documents in Category One, the Court concludes that they are immune from disclosure as predecisional intra-agency memoranda. 5 U.S.C. § 552(b)(5). As regards Category Three, the Court concludes that all twenty-three documents in that category are immune from disclosure by virtue of § 552(b)(5), § 552(b)(7) and the rule of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Categories Six and Seven, treated by all parties as one category, contain nineteen documents. The Court concludes that these documents are predecisional intra-agency memoranda immune from disclosure by virtue of § 552(b)(5). A discussion of the nature of the documents and the applicable law follows.

### Category One

In its original request to produce, defendant asked for copies of all records in the possession, custody, or control of plaintiff or of the Federal Trade Commission which were prepared during the period from November 24, 1967 to and including November 28, 1969, and which consist of (1) instructions or directives from the Commission or members thereof to any employee of the Commission relating to interpretation of or compliance with the modified cease and desist order issued by the Commission on November 24, 1967, against defendant. However, plaintiff then refused to produce said documents, relying upon 5 U.S.C. § 552(b)(5) and (7). The documents produced for the inspection of the Court under Category One fall into six sub-categories:

a. Direction by the Commission to various staff personnel to prepare drafts of documents for Commission consideration. (Nos. 1, 6, 7, 9, 13, 15).

b. Direction by the Commission that certain alterations be made in drafts of documents currently under consideration. (Nos. 4, 4a, 8, 10, 12, 14).

c. Opinions and requests of various individual Commissioners. (Nos. 7, 15).

d. Direction by the Commission to the staff to conduct an investigation. (No. 11).

e. Direction by the Commission to the staff to perform certain acts in preparation for a public hearing and the procedures to be followed at that hearing. (Nos. 2, 3).

f. Direction by the Commission that a certain document be placed on the public record. (No. 5).

In evaluating any claim of exemption under § 552(b)(5) of the Free-

dom of Information Act, there are a number of general principles which must be considered. Initially, all agency documents sought are available unless specifically exempt. *NLRB v. Sears, Roeuck & Co.*, 421 U.S. 132, 136, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). All of the documents at issue here were doubtless produced by an "agency" within the meaning of the Information Act, and the documents are "identifiable records" under the Act. *Id.* at 147, 95 S.Ct. 1504.

■■■ As regards Exemption 5 (§ 552(b)(5)), which exempts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency", the cases have evolved at least five general principles. The first is that Exemption 5 covers predecisional memoranda which are part of the deliberative process but does not exempt post-decisional memoranda which serve merely to explain a decision already made. *Renegotiation Board v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 183–84, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975); *NLRB v. Sears, supra*, 421 U.S. at 152, 95 S.Ct. 1504; *Sterling Drug v. FTC*, 146 U.S.App.D.C. 237, 450 F.2d 698, 706 (1971). Second, Exemption 5 embraces the attorney work product privilege of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). *NLRB v. Sears, supra*, 421 U.S. at 154, 95 S.Ct. 1504. Third, Exemption 5 protects the deliberative or policy-making process but does not exempt purely factual or scientific information. *EPA v. Mink*, 410 U.S. 73, 89, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).[1] Fourth, where it is clear that an agency has adopted ma-

terial in an otherwise exempt document as the basis of a non-exempt decision, some courts have held that the adopted material loses its immune status. See, e. g., *Sterling Drug v. FTC*, 146 U.S.App. D.C. 237, 450 F.2d 698, 706–08 (1971); *American Mail Line, Ltd. v. Gulick*, 133 U.S.App.D.C. 382, 411 F.2d 696 (1968).[2] Fifth, § 552(a)(2)(A) and (C) require that each agency shall make public all "final opinions" and "administrative staff manuals and instructions to staff that affect a member of the public." Counsel for defendant urge a broad reading of this subsection, asserting that whenever the Commission instructed its staff to take any action relating to J. B. Williams Co., that act necessarily involved an instruction which affected a member of the public. However, the caselaw does not support this interpretation. In *NLRB v. Sears, supra*, the lower court held that NLRB Advice and Appeals memoranda prepared by the General Counsel of the NLRB instructing Regional Directors whether or not to file suit were "instructions" under § 552 (a)(2)(C). 346 F.Supp. 751, 754 (D.D. C.1972). However, the Supreme Court, in reversing the judgment on other grounds, did not reach the issue. *NLRB v. Sears, supra*, 921 U.S. at 160 and n.26, 95 S.Ct. 1504. Instead the Supreme Court held that NLRB Advice and Appeals Memoranda which decide *not* to file suit are "final opinions" under § 552 (a)(2)(A) and thus non-exempt, while decisions to file suit are exempt as part of the ongoing deliberative process shielded by § 552(b)(5). Thus, it seems clear to this Court from *Sears* that the mandate that instructions be disclosed cannot be seen as an exception to § 552

---

1. Further, "purely factual material contained in a deliberative memoranda and severable from its context would generally be available for discovery." *Id.* at 88, 93 S.Ct. at 836. However, see the discussion under Category Three, infra.

2. However, the Supreme Court has indicated that this "adoption" concept must be treated with caution. It cannot be presumed that, merely because a decision reached the same

result as recommended by an intra-agency memo, it follows that the memo was "adopted" as policy. *Renegotiation Board, supra*, 421 U.S. at 185–86, 95 S.Ct. 1491. "Indeed, release of the [inter-agency] reports on the theory that they express the reasons for the Board's decision would, in those cases in which the Board had other reasons for its decision, be affirmatively misleading." *Id.* at 186, 95 S.Ct. at 1501.

(b)(5); rather, § 552(b)(5) is a statutory exception to any of the other sections of the statute which require disclosure, including § 552(a)(2)(C).

█ With the guidelines of the case-law construing Exemption 5 in mind, it is clear that all documents contained in subcategories a–d of Category One *supra* are within the intra-agency exemption. Certainly a direction to prepare a draft of a document and instructions to work deletions and alterations into drafts are at the heart of the deliberative process within the agency. See *NLRB v. Sears, supra,* at 150, 95 S.Ct. 1504. These documents are without a doubt a reflection of the "agency's group thinking in the process of working out its policy and determining what its law ought to be." *Id.* at 153, 95 S.Ct. 1504, 1517, quoting Davis, *The Information Act: A Preliminary Analysis,* 34 U.Chi.L.Rev. 761, 797 (1967).

As for the opinions and requests of the individual commissioners, it is axiomatic that "nowhere is [the] protection [of nondisclosure] more needed than between the ultimate decision-makers within an agency." *Sterling Drug v. FTC, supra,* 450 F.2d at 708. Similarly, instructions to the staff to conduct an investigation is at the very starting point of the deliberative process. Each of these documents reveals a segment of "a valuable deliberative tool" which should not be made subject to public scrutiny. See *Renegotiation Board, supra,* 421 U.S. at 190, 95 S.Ct. 1504.

█ However, the documents in subcategories e and f of Category One are clearly postdecisional. Each of these documents evidences an explanation or direction to staff based upon what has already been decided by the full Commission. Although document No. 2 in Category One, directing that a hearing be set down, is marked "confidential" and although it contains marginal notations, in the Court's judgment it is postdecisional and does not reflect the deliberative process. Document No. 3, which sets procedures for the hearing, is also post-decisional and thus not within the ambit of the intra-agency exemption. The same is true of document No. 5, which simply directs that a certain document be made public. The Court accordingly holds that these, the second, third and fifth documents supplied by the government under Category One, are postdecisional and final decisions of the Commission which must be disclosed pursuant to § 552(a)(2). All other documents in Category One are protected by the intra-agency exemption.

### Category Three

In this category, defendant requests all "memoranda or reports prepared by any employee of the Commission and reporting on conferences or conversations with any representative of defendant relating to interpretation of or compliance with the modified [cease and desist] order." Pursuant to this request, counsel for plaintiff gathered relevant documents from Commission files and produced said documents for this Court's review *in camera.*

The Court has carefully examined the twenty-three documents; twenty-two are letters written by staff attorneys or directors of the Bureau of Deceptive Practices to the files, often with copies to other staff personnel. One letter is from a staff attorney to the Commission itself. All these letters contain recollections of the author as to meetings held with representatives of the defendant, and the overwhelming majority contain recommendations and mental impressions of the author. It is clear to the Court that these documents must be judged against the standards of *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The work product rule of that case is directly applicable to, and contained within, the intra-agency exemption of § 552(b)(5). *NLRB v. Sears, supra,* 421 U.S. at 154, 95 S.Ct. 1504.

Counsel for defendant urge that these letters and memos are discoverable because they are "purely factual" accounts

of meetings, citing a string of cases which hold that Exemption 5 does not protect factual or scientific materials. However, none of those decisions are apposite; all deal with *scientific* facts or purely investigative data. See, e. g., *EPA v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973) (results of investigations concerning scheduled nuclear testing); *Soucie v. David,* 145 U.S. App.D.C. 144, 448 F.2d 1067 (1971) (scientific report on supersonic transport); *General Services Administration v. Benson,* 415 F.2d 878 (9th Cir. 1969) (results of GSA appraisal under government contract); *Machin v. Zuckert,* 114 U.S.App.D.C. 335, 316 F.2d 336, *cert. denied,* 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963) (Air Force report on airplane crash.) In this case, the records of recollections of attorneys of the Federal Trade Commission engaged in compliance proceedings with the respondent cannot be characterized as "purely factual" even if they purport only to record what transpired. Rather, they are work product. Work product covers the "personal recollections" of an attorney. *Hickman v. Taylor, supra,* 329 U.S. at 510, 67 S.Ct. 385. A lawyer will always "sift what he considers to be the relevant from the irrelevant facts." *Id.* at 511, 67 S.Ct. at 393.

> "Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. . . . The practice forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks. Such testimony could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less an officer of the court and much more an ordinary witness." (*Hickman v. Taylor, supra,* at 512–13, 67 S.Ct. at 394.)

In *Hickman,* the Supreme Court refused to allow the movant discovery of an adversary's interrogation of witnesses where the movant had not been present at the interrogation. Here defendant requests discovery of records of conversations with *defendant.* Defendant's agents were present at all these meetings; their own recollection is available. The fact that defendant alleges that records of these meetings will be pertinent to a good faith defense does not warrant disclosure under *Hickman.* The crucial fact is that defendant's agents were present.

█ It is undisputed that the federal government enjoys the benefit of the work product privilege in litigation. *NLRB v. Sears, supra,* 421 U.S. at 154, 95 S.Ct. 1504; *Wu v. National Endowment for Humanities,* 460 F.2d 1030, 1033 (5th Cir. 1972), *cert. denied* 410 U.S. 926, 93 S.Ct. 1352, 35 L.Ed.2d 586 (1973); *International Paper Co. v. FPC,* 438 F.2d 1349 (2d Cir. 1971); *Olson Rug Co. v. NLRB,* 291 F.2d 655 (7th Cir. 1961); see *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss Jena,* 40 F.R.D. 318, 325 (D.D.C.1966), *aff'd,* 128 U.S.App. D.C. 10, 384 F.2d 979 (D.D. Cir.), *cert. denied,* 389 U.S. 952, 88 S.Ct. 334, 19 L. Ed.2d 361 (1967).

█ Accordingly, the Court holds that defendant has failed to make a sufficient showing to overcome the rule of *Hickman v. Taylor,* and holds that all documents in Category Three are protected by the "intra-agency" exemption of § 552(b)(5).

Further, the Court notes that all these records were made in preparation for the present litigation. Thus, the Court further holds that the documents in Category Three are immune from disclosure as "investigatory files compiled for law enforcement purposes" under § 552(b)(7). See *NLRB v. Sears, supra,* 421 U.S. at 164–66, 95 S.Ct. 1504; *Bristol-Myers Co. v. FTC,* 424 F.2d 935, 939 (D.C.Cir.), *cert. denied,* 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970) (concrete prospect of enforcement proceedings).

## Categories Six and Seven

█ Under this heading defendant requested all memoranda, studies, reports for other records adopted as policy by the Commission or any official thereof or relied upon by the Commission or any official thereof with respect to interpretation of or compliance with the modified cease and desist order.

This request involves the "adoption" concept discussed above. Under this category, counsel for plaintiff produced for *in camera* review nineteen documents. These included staff recommendations, recommendations of the General Counsel, memoranda of law, opinions of the individual Commissioners, proposed drafts, and a letter to the Attorney General of the United States, certifying the penalty action. On the basis of the Court's discussion concerning Category One, it is clear that standing alone, all these documents are inter-agency or intra-agency memoranda exempt from disclosure by virtue of § 552(b)(5). However, it is possible that a document, which would be exempt standing alone, may lose that status by reason of its adoption as policy by the agency. See *Renegotiation Board, supra,* 421 U.S. at 189, 95 S.Ct. 1491; *NLRB v. Sears, supra,* 421 U.S. at 152–53, 95 S.Ct. 1504.

This "adoption" concept is not inconsistent with the purpose of Exemption 5 to protect internal deliberations. Rather, the "adoption" concept is also based upon the distinction between pre-decisional deliberations and decisional documents. By forcing agencies to make public documents which constitute the true basis for a decision, the Information Act operates to prevent the development of "secret law" against which unwitting respondents may be judged. *Sterling Drug, supra,* 450 F.2d at 708. Defendants urges upon the Court a broad interpretation of this "adoption" concept, pursuant to its re-

view of the decision of the Court of Appeals in *Grumman Aircraft Engineering Corp. v. Renegotiation Board,* 157 U.S. App.D.C. 121, 482 F.2d 710 (D.C. Cir. 1973). There the court wrote:

"[A] document which a decision-maker treats as justification for a decision communicated outside the bureaucracy to regulated parties should not be shielded from public disclosure on the ground that it was originally prepared for purposes of pre-decisional consultation." (*Id.* at 720)

Taking the language one step further, counsel for defendant urge the Court to accept the view that even in a case where the agency does not recite that it treated such a document as a basis for its decision, if it in fact relied upon the document, that document is disclosable.

There are two problems with this position. The first is that the decision of the Court of Appeals in *Grumman* was reversed by the Supreme Court. *Renegotiation Board, supra,* 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975). In so doing, the Supreme Court disapproved of any broad presumption of "adoption". The decision clearly requires that there be support in the record before any conclusion regarding "adoption" is reached. *Renegotiation Board, supra,* at 184–90, 95 S.Ct. 1491.

"It is not for us to require disclosure of documents, under the purported authority of the Act, which are not final opinions, which do not accurately set forth the reasons for the [agency's] decisions, and the disclosure of which would impinge upon the . . . predecisional process." (*Id.* 421 U.S. at 192, 95 S.Ct. at 1504).

Further, defendant's position would require that every document *relied upon* by an agency in reaching a decision be subject to disclosure. Clearly, the cases speak of "adoption," not "reliance."

The argument that all documents relied upon are disclosable turns Exemption 5 on its head; the more a document was part of the predecisional deliberative process, the more likely it would be subject to disclosure. This was not the intent of the Congress. See *EPA v. Mink, supra,* 410 U.S. at 86, 93 S.Ct. 827.

In this Court's judgment, the proper test for assessing whether a document has been "adopted" is that set forth in *Sterling Drug v. FTC, supra:*

> "[I]f the Commission memoranda specifically indicate that reasons for its . . . decision are contained in one or more of the memoranda prepared by individual members of the Commission or its staff, these memoranda, or the relevant portions thereof, must also be disclosed." *(Id.* 450 F.2d at 708; *accord, American Mail Line v. Gulick, supra.)*

In the present case, the record contains no indication that any of the documents in Category Six or Seven were adopted as policy by the Commission. In fact, counsel for plaintiff has supplied this Court with a sworn affidavit to the effect that all documents in the relevant categories required by law to be disclosed as Commission policy related to this case have been provided to the defendant. Thus, the Court concludes that none of the documents in Categories Six or Seven were "adopted" by the Commission, and holds that these documents are immune from disclosure by virtue of Exemption 5, § 552(b)(5).

Counsel for plaintiff is directed to furnish defendant with copies of the second, third and fifth documents contained in Category One of the documents produced for *in camera* inspection. The motion of defendant J. B. Williams Co. for an order pursuant to Rule 37(a) F.R.Civ.P. is in all other respects denied.

So ordered.