Douglas G. **FARMER**, Plaintiff,

v.

Glen E. **ROBINSON**, United States Marshal; **Wayne E. Hardage**, Deputy United States Marshal, Defendants.

No. C–78–0005 WHO.

United States District Court,
N. D. California.

June 25, 1979.

Douglas G. Farmer in pro. per.

G. William Hunter, U. S. Atty., Barbara J. Parker, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

ORRICK, District Judge.

Plaintiff is currently incarcerated at the Federal Correctional Institution, Lompoc, California. Previously, plaintiff was incarcerated in state prison at San Quentin, California, and on July 20, 1977, was released from San Quentin into the custody of the United States Marshal in order to be transferred to the United States Penitentiary, Leavenworth, Kansas. Because of the amount of personal property accumulated by plaintiff while at San Quentin, some of his property had to be left with the Marshal at the time of transfer. Subsequently, the property was shipped to Leavenworth by the Marshal's office. On January 3, 1978, plaintiff brought this civil action *in propria persona* against Frank X. Klein, United States Marshal for the Northern District of California, Wayne E. Hardage, United States Deputy Marshal, and two unnamed Deputy Marshals, complaining that his property had arrived in a damaged condition, violating plaintiff's rights under the Constitution of the United States, specifically, those enunciated in Amendments I, IV, V, and XIV. On April 17, 1978, this Court ordered that the complaint and summons be served upon the named defendants and granted plaintiff's motion to proceed *in forma pauperis*.

On June 29, 1978, defendants filed an answer to the complaint denying the allegations contained therein. On July 27, 1978, plaintiff submitted his first set of interrogatories. On September 11, 1978, plaintiff filed a motion captioned "Motion to Compel Discovery," although the relief requested was a default judgment against defendants for their failure to respond to plaintiff's first set of interrogatories. Defendants responded to the interrogatories on September 13, 1978. At that time, Glen E. Robinson, who replaced Frank X. Klein as United States Marshal for the Northern District of California, was listed as a defendant in the submitted answers. In spite of this response by defendants to plaintiff's interrogatories, on September 25, 1978, plaintiff filed a motion to compel Frank X. Klein to answer plaintiff's interrogatories and a motion for leave to amend his complaint in order to replace the two "John Does" of his original complaint with Edward K. McRae, former United States Deputy Marshal, and Phillip E. Howard, United States Deputy Marshal.

Under Local Rule 230–4, plaintiff is required to file a certificate of compliance stating that he previously met and conferred with the party against whom he makes the motion to compel discovery. Plaintiff will be unable to comply with this rule due to his present incarceration in Lompoc. Moreover, compliance with Local Rule 230–4 would be only the beginning of plaintiff's difficulties in pursuing this action. Plaintiff's incarceration will prevent him from engaging in meaningful discovery

or, indeed, from making any of the personal appearances required to plead his case since he is not represented by counsel. In order for plaintiff to appear, this Court would have to issue an order analagous to a writ of *habeas corpus ad testificandum* requiring prison officials to transport plaintiff here and maintain security over him during his stay. Thus, this Court is finally confronted with the problem that inevitably arises in cases involving *in propria persona* prisoner-plaintiffs.

Plaintiff appears to have a valid cause of action for the damage to his property. However, in civil actions not involving the validity or conditions of confinement, a prisoner-party has no absolute right to be present and give testimony. *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); *Conway v. Dunbar*, 448 F.2d 765 (9th Cir. 1971); *Armstrong v. Rushing*, 352 F.2d 836 (9th Cir. 1965); *Ball v. Woods*, 402 F.Supp. 802 (N.D.Ala.1975), *affirmed sub nom., Ball v. Shamblin*, 529 F.2d 520 (5th Cir. 1976), *cert. denied*, 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393; *Seybold v. Milwaukee County Sheriff*, 276 F.Supp. 484 (E.D.Wis.1967). As the Supreme Court stated in *Price v. Johnston, supra*, 334 U.S. at 285, 68 S.Ct. at 1060:

> "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394 [now 28 U.S.C. § 1654], to parties in all courts of the United States to 'plead and manage their own causes personally.'"

While plaintiff has no absolute right to appear, it is within the Court's discretion to grant or deny any future motion by plaintiff to appear in this action for purposes of discovery, arguing motions, such as that currently before the Court, or managing his case at trial. *Ball v. Woods, supra; McKinney v. Boyle*, 447 F.2d 1091 (9th Cir. 1971). Since an appearance by plaintiff is now required for him to personally manage this case, the Court finds that, although plaintiff has not made a motion requesting this Court to order his production by prison officials, the Court has nevertheless reached that juncture at which, in the exercise of its discretion, it must determine what action to take in addressing this problem. The Court has concluded that the appropriate disposition of this case is to dismiss the suit without prejudice, permitting plaintiff to refile it when he is in a position to prepare and present his case, as the court did in *Ball v. Woods, supra*. In reaching this conclusion, the Court has taken into account the following factors:

1. Plaintiff has obtained service by the Clerk of the summons and the complaint. *Conway v. Dunbar, supra*.

2. The pleadings disclose nothing requiring immediate attention; the acts complained of are not continuing and the potentially liable agency will still be available when plaintiff will be free to prosecute his case.

3. The statute of limitations is tolled during plaintiff's confinement so his cause of action will not be extinguished. *See* Cal.Civ.Proc. Code § 352 (West) and *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963).

4. Subsequent dismissal of the case for failure to prosecute when the case is called for trial without plaintiff's presence would be unfair since plaintiff here may have a meritorious claim that he should be able to pursue without prejudice when future circumstances permit.

5. It would be disruptive of prison discipline and an interference by the Court with prison officials if the Court required "that prisoner-plaintiffs who wish to appear in civil actions unrelated to their imprisonment be transported from prison to this court by prison guards, housed in this area and released from their normal duties at the institutions during proceedings in their cases." *Seybold v. Milwaukee County Sheriff, supra*, 276 F.Supp. at 488.

6. Such transportation of the prisoner raises a chance of escape. *Ball v. Woods, supra*.

7. The expense of plaintiff's transportation and safekeeping would not be insubstantial.

8. The Court could stay further proceedings pending plaintiff's release from prison. However, under the circumstances, this would be unfair to the individual defendants in the case. The Court agrees with the analysis in *Ball v. Woods, supra*, 402 F.Supp. at 812, of Judge Pointer, for the District Court of the Northern District of Alabama, in which he said:

"[Plaintiff's] case can be dismissed * * without prejudice, allowing him to file another action against the defendant for this complaint, if he should desire to do so and have some change of circumstances which would permit the meaningful presentation of his claims. [Plaintiff] will be in essentially the same position as he would have been had the case been stayed as an inactive one, save that he would need to re-serve the defendant in some future action—a requirement which seems only fair to the defendant. Moreover, Ball will have a final decision from this court from which he can appeal, should he choose to do so."

In light of all of the above, IT IS HEREBY ORDERED that notice shall issue to plaintiff to inform him that this Court moves *sua sponte* for dismissal of his case. Plaintiff shall have thirty days in which to submit a written memorandum in opposition to the Court's motion. *Armstrong v. Rushing, supra*, 352 F.2d at 837. This Order contains the grounds for which the motion is made.