8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin Karl MAURER, Plaintiff-Appellant,
v.
LOS ANGELES COUNTY SHERIFFS DEPARTMENT; John P. Owens, et
al., Defendants-Appellees.
 No. 87-5979.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin K. Maurer appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action for failure to prosecute, and the denial of his request for a writ of habeas corpus ad testificandum. We review for an abuse of discretion. Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992) (Rule 41(b) dismissal); United States v. Owen, 580 F.2d 365, 368 (9th Cir.1978) (denial of writ of habeas corpus ad testificandum). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Maurer filed two previous appeals raising the same issues he raises in this appeal. In the first appeal, ("Maurer I"), this court held that the district court did not abuse its discretion by denying the writ of habeas corpus ad testificandum, but remanded on the issue of dismissal pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. In an appeal after remand, ("Maurer II"), this court affirmed the Rule 41(b) dismissal, and applied the law of the case doctrine to the district court's denial of the writ of habeas corpus ad testificandum. See Maurer v. Los Angeles County Sheriff's Dep't, No. 87-6199, unpublished memorandum disposition, (9th Cir. May 2, 1989) (affirming the district court's denial of the writ because a previous panel of this court had decided this issue prior to remand).
 
 
 4
 In this appeal, Maurer again raises the same issues he raised in the two prior appeals. The law of the case doctrine is here inapplicable because the prior appeals are not the same case as the instant action. See Adamian v. Lombardi, 608 F.2d 1224, 1228 (9th Cir.1979).
 
 
 5
 Nevertheless, we affirm. As to the denial of Maurer's writ of habeas corpus ad testificandum, the district court did not err because Maurer is not entitled, as a matter of right, to appear personally at a hearing in his civil rights action. See Conway v. Dunbar, 448 F.2d 765, 766 n. 2 (9th Cir.1971) (state prisoner is not entitled as a matter of right to appear personally at a hearing in his civil rights action); Potter v. McCall, 433 F.2d 1087, 1088 (9th Cir.1970) (same); Armstrong v. Rushing, 352 F.2d 836, 837 (9th Cir.1965) (same).
 
 
 6
 Further, the district court did not abuse its discretion in dismissing the action for lack of prosecution. Ordinarily, the district court must weigh five factors before dismissing a case for failure to obey a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). If the district court does not explicitly consider these factors, we must independently review the record to determine whether the dismissal was an abuse of discretion. Id. We find no abuse of discretion upon a weighing of these factors.
 
 
 7
 A. Expeditious Litigation and Docket Management
 
 
 8
 Maurer's case was pending in the district court for eight years before the district court dismissed the action for failure to prosecute. Therefore, these first two factors weigh heavily in favor of dismissal.
 
 B. Prejudice to Defendants
 
 9
 To show prejudice, the defendants must show that the plaintiff's actions interfered with their ability to proceed to trial or interfered with the rightful decision of the case. See id. at 131. We may presume prejudice here arising from the eight year delay in this case. See Citizens Utils. Co. v. American Tel. & Tel., 595 F.2d 1171, 1174 (9th Cir.) (actual and presumed prejudice resulted from 16 year delay), cert. denied, 444 U.S. 931 (1979).
 
 C. Consideration of Less Drastic Sanctions
 
 10
 The following considerations are particularly relevant in determining whether a district court has considered alternatives to dismissal: (1) whether the court explicitly discussed whether less drastic sanctions were feasible and explained why alternative sanctions would be inadequate; (2) whether the court implemented alternative sanctions before ordering dismissal; and (3) whether the court warned the plaintiff of the possibility of dismissal for failure to prosecute. See Malone, 833 F.2d at 132.
 
 
 11
 Here, the transcripts show that the district court considered several alternatives prior to dismissal, but Maurer steadfastly refused to allow the case to go forward unless he was personally present at the trial. For instance, the record reflects a extensive discussion about depositions, video depositions, and depositions on written questions. The district court also actively attempted to find counsel for Maurer. We find no abuse of discretion under this factor.
 
 
 12
 D. Public Policy Favoring Disposition on the Merits
 
 
 13
 The fifth factor weighs against dismissal, but does not outweigh the other factors. Accordingly, the district court did not abuse its discretion by dismissing this action for failure to prosecute. See Oliva, 958 F.2d at 274.[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Los Angeles County Sheriffs Department has requested attorney's fees and costs. We decline to award attorney's fees or costs in this appeal