**Everett Leon STOUT, Sovereign Inhabitant; Anthony Myers; and Citizens for Constitutional Justice; and All Other Sovereign Private Civilian Inhabitants, Plaintiffs,**

v.

**James ROBNETT, Internal Revenue Service (IRS) Agent, and Spouse; C. Kevin Cox, IRS Agent, and Spouse; Abel Trevino. IRS Agent, and Spouse; IRS District Director; and Six Unknown IRS John and Jane Does, and Spouses, Defendants.**

No. C.A. 2:99–2693–23.

United States District Court, D. South Carolina, Charleston Division.

March 3, 2000.

Everett Leon Stout, Orangeburg, SC, pro se, Anthony Myers, Goose Creek, SC, pro se.

Brian Kaufman, U.S. Department of Justice, Trial Attorney, Loretta C. Argrett, U.S. Department of Justice, Trial Attorney, Tax Division, Washington, DC,

John H. Douglas, Assistant U.S. Attorney, Charleston, SC, for defendants.

## ORDER

DUFFY, District Judge.

This matter brought by the *pro se* Plaintiffs is before the Court for review of the Magistrate Judge's Report and Recommendation, made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules of the Court, that the Court should grant Defendants' motion to dismiss.

The Court is charged with conducting a *de novo* review of any portion of a Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for those objections. *Id.*

In this case, the Magistrate asserted that the Court should grant Defendants' motion to dismiss the instant action for several reasons. First, the Magistrate stated that an individual who is not a licensed attorney may not represent third parties, as such action constitutes the unauthorized practice of law. Rep. and Rec. at 702. Thus, the Magistrate recommended that insofar as Plaintiffs bring this action on behalf of other third parties, it must be dismissed. *Id.* Second, the Magistrate stated that while the Complaint seeks to sue IRS agents and their spouses in their personal capacities, the record fails to reflect that they have been properly served. *Id.* Moreover, after Defendants moved for dismissal on this ground, the Magistrate noted that Plaintiffs failed to come forward with appropriate proof of service. *Id.* Finally, the Magistrate found that Plaintiffs' Complaint was largely unintelligible,[1] and

---

1. Indeed, Plaintiffs drafted the Complaint in the form of a "Public Notice of Offer of Voluntary Contract." Complaint at 1. The Plaintiffs were not identified as plaintiffs, but as "Offeror," and the Defendants were not labeled defendants, but as "Offeree." *Id.* The only intelligible action that the Complaint makes out is that the IRS agents allegedly committed armed robbery by "deceiving" Myers into signing a check for $145,531.81,

failed to assert a cognizable cause of action, or any acts by the defendants or their spouses for which Plaintiffs could gain relief. *Id.* at 702. A review of the record indicates that the Magistrate Judge's Report accurately summarizes this case and the applicable law. Accordingly, the Court fully incorporates the Magistrate's Report and Recommendation into this Order.

Plaintiffs filed timely objections to the Magistrate's Report. However, Plaintiffs' Objections do not contain any meritorious arguments. Plaintiffs offer no proof that they properly served the Defendants in accordance with the South Carolina Rules of Civil Procedure or the Federal Rules of Civil Procedure. Furthermore, Plaintiffs do not point to any statements in their Complaint describing the actions taken by Defendants which allegedly gave rise to the violation of their constitutional rights. *See Pavilonis v. King,* 626 F.2d 1075, 1078 (1st Cir.1980) ("Complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation.") (citation omitted); *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir.1976) ("Complaints relying on the civil rights statutes are plainly insufficient unless they contain some specific allegations of fact indicating a deprivation of civil rights, rather than state simple conclusions.") (citations omitted); *Conway v. Slaughter,* 440 F.2d 1278, 1279 (9th Cir.1971) (upholding dismissal where the allegations were "vague and conclusory in form and generally fail[ed] to meet the standard of factual specificity required in civil rights actions") (citations omitted); *see also Kearson v. Southern Bell Tel. and Tel. Co.,* 763 F.2d 405, 407 (11th Cir.1985) ("In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint.") (citation

omitted). Finally, Plaintiffs do not present the Court with any law contradicting the Magistrate's assertion that a non-licensed-attorney plaintiff proceeding *pro se* may not represent third parties. Rather, Plaintiffs' objections are largely frivolous, making "legal arguments" such as the Magistrate "is upholding the KGB and Gastop [sic] attitude of the IRS," Plaintiffs' Objections at 1–2; "the IRS is the legalize [sic] Mafia and has the full backing of the United states [sic] Government," *id.* at 2; "If the FEDERAL, UNITED STATES DISTRICT COURT, does not have Jurisdiction in Constitutional Common Law, Where are the Constitutional Court's [sic]," *id.* at 6; "[The Magistrate] is using Un–Official Laws against the Sovereign Plaintiffs," *Id.* at 7; "The offerer [sic] has been made, PUBLIC NOTICE OF CONTRACT OFFER of which they have willfully and intentionally while having full knowledge, accepted the 'Contract Offer,'" *id.;* and "The U.S.C.A. and the U.S.C.S. Constitutions are repugnant to the U.S. Constitution of 1787." Jurisdiction taken under the U.S.C.A. and or U.S.C.S. Constitution against the Sovereign is an act repugnant to the Constitution of 1787; and is an act of "TREASON." *id.* at 9.

It is, therefore,

**ORDERED,** for the foregoing reasons, and the reasons stated in the Magistrate's Report and Recommendation, that Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) is **GRANTED.**

**AND IT IS SO ORDERED.**

### *REPORT AND RECOMMENDATION*

CARR, United States Magistrate Judge.

This *pro se* action[1] brought by a tax protestor, Everett Stout, on behalf of him-

---

and taking property from Plaintiffs. *Id.* at 3. The Complaint contends that these actions "reduced [them] to the rank of slaves in violation of the Constitution of the United States and Genocide [sic] which is a Crime under International Law." *Id.*

1. This action was originally commenced in Berkeley County Court and removed to this court pursuant to 28 United States Code § 1442(a)(1).

self and others against Internal Revenue Agents and their spouses is before the court on the defendants' motions to dismiss.

The action is defective for a number reasons and the motion should be granted.

█ First, the *pro se* plaintiff Everett Stout has brought this action on behalf of himself and a number of other individuals as well as "all other Sovereign Private Civilian Inhabitants." However, Stout is clearly not an attorney or a member of the bar of this court. It is well established that parties may plead and conduct their own cases personally or by counsel in all courts of the United States. 28 U.S.C. § 1654. However, individuals who are not licensed attorneys may not represent third parties because such constitutes the unauthorized practice of law. § 40–5–310 of the South Carolina Code of Laws. Accordingly, so much of this action which Stout purports to bring on behalf of third parties is subject to dismissal.

Second, the complaint seeks to sue IRS agents and their spouses personally, but the records of the court fail to reflect that they have been properly served. The defendants have moved for dismissal on those grounds, and the plaintiffs have failed to come forward with appropriate proof of service.

█ Third, the complaint fails to assert a cause of action which is cognizable in this court under any grounds, and particularly not under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The complaint is largely unintelligible, but appears to be complaining about the seizure of property by the Internal Revenue Service. This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); and *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975). Even under this less stringent standard, this action should not be allowed to go forward to trial. It is unintelligible and asserts no acts by the defendants, particularly the spouses, for which the plaintiffs would be entitled to relief. Further, to the extent the action is based upon the assertion that the Internal Revenue Service does not have jurisdiction over the sovereign civilians, it is patently without legitimate basis in fact or law for any relief.

Fourth, it appears that this action may be an attempt in violation of 26 U.S.C. § 7212 to corruptly intimidate or impede employees of the United States in the performance of their duties, and should be forwarded to the United States Attorney's office for investigation. This conclusion is supported by the fact that the named defendants include agents of the Internal Revenue Service, it purports to complain about the seizure of property by the Internal Revenue Service, and includes as named defendants the spouses of the agents. Clearly the spouses could have had nothing to do with the actions of the Internal Revenue Service, and there is no basis for naming them as defendants except to corruptly intimidate or impede the agent husbands by threats against their families.

Therefore, for the above cited reasons, it is recommended that the complaint herein be dismissed.

October 21, 1999.